315 So.2d 203 (1975)
Marcel NOVITCH, As Personal Representative of the Estate of Michael Novitch, and of Mary Novitch, the Widow of the Late Michael Novitch, Appellant,
v.
NU WAY AUTO SERVICE and Franklin Seth DeBoer, Appellees.
No. 74-1591.
District Court of Appeal of Florida, Third District.
June 24, 1975.
Rehearing Denied July 23, 1975.
Whitman & Wolfe, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant and Richard A. Sherman, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*204 PER CURIAM.
By this appeal, we are called upon to review the correctness of an order directing a verdict in favor of the defendant at the conclusion of the plaintiff's case.
Plaintiff's evidence established that her decedent was critically injured in an automobile accident. But, beyond that, the evidence demonstrated that the defendant-driver was operating his motor vehicle in a normal manner and not violating any statutes or ordinances. There was absolutely no proof of a breach of duty by the defendant-driver. We therefore affirm. See: Ward v. Everett, 148 Fla. 173, 3 So.2d 879, wherein the late Justice Terrell, speaking for the Supreme Court of Florida, said:
"Plaintiff in error was struck by an automobile and seriously injured. He brought this action to recover damages for personal injuries. At the conclusion of the testimony the court indicated that a motion for directed verdict in favor of the defendant would be granted whereupon plaintiff moved a nonsuit which was allowed and from which writ of error was taken.
"The only question presented is whether or not the evidence of negligence was such that it should have gone to the jury to determine that point.
"[1, 2] The injury was shown but the test of whether damages should be awarded is not the fact of injury but the fact of whose negligence caused the injury. To entitle plaintiff to recover, the injury must have been caused by the negligence of the operator of the defendant's automobile. Applying this test to the case at bar, we find no reason to impute negligence to the defendant. The driver of the car appears to have been driving carefully, was observing the rules of the road, and was taking all the precautions required of him. From the evidence adduced, there was no theory under which she could be held responsible so the judgment is affirmed.
"Affirmed."
See, also: Stanley v. Powers, 125 Fla. 322, 169 So. 861; Stolmaker v. Bowerman, Fla.App. 1958, 100 So.2d 659; Green v. Loudermilk, Fla.App. 1962, 146 So.2d 601.
Therefore, for the reasons above stated, the final judgment based upon the directed verdict be and the same is hereby affirmed.
Affirmed.