336 So.2d 467 (1976)
Thomas RANGER, Appellant,
v.
AVIS RENT-a-CAR SYSTEM, INC., et al., Appellees.
No. 75-1605.
District Court of Appeal of Florida, Third District.
July 27, 1976.
Rehearing Denied September 8, 1976.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and James D. Little, Miami, for appellant.
Robert L. Dube, Richard M. Gale, Miami, for appellees.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
SACK, MARTIN, Associate Judge.
Plaintiff appeals an adverse final judgment entered pursuant to a directed verdict for the defendants in this action to recover damages for injuries sustained as a result of being struck by an automobile.
*468 Plaintiff-appellant, Thomas Ranger, on the evening of December 25, 1973 was attempting to cross N.W. 22nd Avenue from the median strip where he been let off by a bus when he was struck by an automobile driven by defendant Azell Hardnett and owned by defendant Avis Rent-A-Car. Ranger, who admitted he had a few drinks earlier in the day, alleged that he stepped into the crosswalk as the traffic light turned green and started across the street. The next thing he remembered was waking up in the hospital. Hardnett testified that he saw Ranger on the median strip and suddenly he was in front of the car and it was too late to avoid hitting him. At the jury trial expert testimony was presented by both parties as to how fast Ranger could have been walking and whether Hardnett, driving at various speeds, could have stopped his car on time. At the close of all the evidence, the trial judge finding that there were too many inferences directed a verdict for the defendants. Ranger appeals therefrom. We reverse.
It is well established that in granting a motion for directed verdict, the court must determine that there is a total absence of evidence to support a jury finding for the party against whom the verdict is entered. Further, it is not within the province of the trial judge to weigh evidence or determine questions of credibility, and where there is the possibility of different conclusions or inferences from the evidence, the judge should submit the issue to the jury. Parsons v. Reyes, Fla. 1970, 238 So.2d 561. Considering the record in the case at bar in view of the above principles of law, we find that the evidence was conflicting and the trial judge erred in not submitting to the jury for its determination the issues of whether Hardnett should have seen Ranger and could have stopped his car on time, and whether Ranger was guilty of negligence contributing to the accident. See Nelson v. Ziegler, Fla. 1956, 89 So.2d 780.
Accordingly, the judgment for defendants is reversed and the cause remanded for a new trial.
Reversed and remanded.