340 So.2d 957 (1976)
SUN LIFE INSURANCE COMPANY OF AMERICA, Appellant,
v.
Robert EVANS, Appellee (Two Cases).
Nos. 75-1979, 75-1980.
District Court of Appeal of Florida, Third District.
December 14, 1976.
*958 Stephens, Thornton & Schwartz and John Edward Herndon, Jr., Miami, for appellant.
Koltun & Tobias, Coral Gables, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
These are consolidated appeals by the defendant, Sun Life Insurance Company of America, from a final judgment on a directed verdict in favor of the plaintiff, Robert Evans, and an order awarding costs and attorneys fees in favor of the plaintiff, in an action to recover benefits claimed to be due Evans under a policy of disability insurance issued by Sun Life in 1969. The terms of the policy provide that in the event of total disability, Sun Life will pay to the insured $400.00 per month for a period of sixty (60) months.
The record reflects that Evans was and is the owner of an air conditioning duct installation business. Evans previously did all of the duct installation work himself, with one helper to hand him tools and materials. However, in 1972, Evans sustained a serious knee injury in a motorcycle accident, and when he was able to return to work, he could act only in a supervisory capacity. He could no longer bend his left knee fully to perform duct installation work which in large part involves climbing ladders and crawling in attics and small spaces. His former helper now performs all installation work, and a new helper has been hired to assist him.
Sun Life paid benefits to Evans for a number of months, and then refused to continue payments. Evans proceeded to file this suit. A jury trial was held, during which the judge determined that Evans was totally disabled, and at the close of the defendant's case, directed a verdict for plaintiff Evans and discharged the jury. The judge stated his reasons on the record:
"The insurance policy which is sued upon in this case provides that the insured is entitled to recover for a total disability if he is unable to perform the usual functions of his occupation, or words to that effect.
"The law of Florida is that if an insured cannot perform any material, important or substantial act, which he usually or ordinarily performed in the course of an occupation, then the terms of the policy are fulfilled. In this case, as you heard there was no dispute but that Mr. Evans could not perform probably the predominant portion of his usual occupation after the accident."
Final judgment was entered on the directed verdict, awarding Evans the full total disability benefits due and owing from the date of the last payment, up to and including the trial date. Six days later, an order was entered taxing costs against Sun Life, and awarding attorneys fees to plaintiff's attorney.
One of the defendant's points on appeal is that the trial court erred in directing a verdict in favor of plaintiff Evans on the issue of whether he was totally disabled as defined by the policy. We agree. In granting a motion for directed verdict, the court must determine that there is no evidence to support a jury finding for the party against whom the verdict is sought. Parsons v. Reyes, 238 So.2d 561 (Fla. 1970). In order to avoid any encroachment upon the right of a litigant to a jury trial, the authority to direct a verdict should be exercised with great caution; a case should never be withheld from the jury unless, as a *959 matter of law, no proper view of the evidence could possibly sustain a verdict in favor of the non-moving party. Shaw v. Massachusetts Mutual Life Insurance Company, 298 So.2d 183 (Fla.1st DCA 1974). This is not the situation shown in this case.
In Equitable Life Assurance Society of United States v. Wiggins, 115 Fla. 136, 155 So. 327 (1934), the Florida Supreme Court followed the principle that the phrase "total disability" is a relative term, depending upon the character of the occupation, the capabilities of the insured and the circumstances of the particular case, so that ordinarily, any question involving application of the term total disability, is a question of fact for the jury. In our opinion, the evidence presented at the trial was sufficient to create different inferences on the question of total disability, and should have gone to the jury for determination. For example, the plaintiff's physician testified at the trial that the plaintiff was unable to perform those functions of his occupation which required his knee to be fully bent; but that no disability was present for those functions which did not require this movement, such as purchasing supplies, contracting jobs, driving a truck or supervising the work of his employees.
It is necessary to look to the insured's occupation as a whole in order to determine whether the insured can no longer perform his occupational duties; total disability does not mean absolute helplessness, but contemplates a disability to perform all the substantial and material acts necessary to his usual occupation in a customary and usual manner. Lorber v. Aetna Insurance Company, 207 So.2d 305 (Fla.3rd DCA 1968).
Based on the circumstances of this case, in the context of the applicable rules of law, we reverse both the final judgment on the directed verdict, and the order awarding attorneys fees and costs, and remand the cause to the trial court for a new trial. In view of the holding in this case, we need not pass on the other points raised on appeal by the defendant-appellant, Sun Life.
Reversed and remanded.