PER CURIAM.
Plaintiff, Edwin Lake, seeks reversal of an adverse final judgment entered pursuant *619 to a directed verdict for the defendants Brenda Coe, Donn Coe and State Farm Mutual Automobile Insurance Company in this action to recover damages for personal injuries.
Brenda Coe was operating a car owned by Donn Coe when suddenly the car struck Edwin Lake. Lake sued Brenda Coe as operator, Donn Coe as owner and their liability insurer, State Farm Mutual Automobile Company. The evidence presented on behalf of Brenda at trial reflects that she was driving within the speed limit along the roadway when suddenly Lake’s body struck her windshield. Brenda testified that she did not see Lake until he was in actual contact with her vehicle. Lake, on the other hand, claimed that he was working on his motorcycle on the sidewalk when Brenda drove off the pavement and struck him. However, his actual testimony reflects that he had no personal recollection of how he sustained injuries or of any events related to the collision. He testified that the last thing he remembered was oiling the chain on his motorcycle and the next thing he remembered was waking up in the hospital. All the physical evidence presented on behalf of the defendants was in accord with Brenda’s testimony that the accident occurred on the roadway as Lake rode his motorcycle into the path of her vehicle. The investigating officers’ testimony was to the effect that the collision occurred on the roadway and there were no marks evidencing that Brenda’s vehicle left the paved road surface. Defendants’ accident reconstruction expert also corroborated Brenda’s version of the accident. At the close of plaintiff’s case and again at the close of all the evidence, defendants moved for a directed verdict. The motion was granted and judgment was entered for the defendants.
Plaintiff Lake contends the trial court erred in granting defendants’ motion for directed verdict because the evidence created an inference or question as to whether Brenda was maintaining a sharp and attentive lookout in order to keep herself prepared to meet an emergency as in the instant case. We cannot agree.
Plaintiff seeks to create an inference that Brenda left the roadway and struck him as he was working on his motorcycle. There is no question that plaintiff does not remember any of the details preceding the accident. The physical evidence presented corroborates Brenda’s version that the accident took place on the paved roadway surface and that she was driving within the speed limit. We conclude there was no reasonable inference to go to the jury and the trial judge at the close of the evidence correctly granted defendants’ motion for directed verdict. Cf. Baro v. Wilson, 134 So.2d 843 (Fla. 3d DCA 1961); Tranter v. Wible, 191 So.2d 595 (Fla. 4th DCA 1966); Bell v. A. A. Holiday Rent-A-Car, Inc., 304 So.2d 535 (Fla. 3d DCA 1974); Novitch v. Nu Way Auto Service, 315 So.2d 203 (Fla. 3d DCA 1975).
We also considered plaintiff’s remaining points on appeal and find no reversible error.
Affirmed.