362 So.2d 439 (1978)
Fernando MARCANO, a/K/a Fred Marcano, Etc., et al., Appellants,
v.
Ante PUHALOVICH et al., Appellees.
No. 77-972.
District Court of Appeal of Florida, Fourth District.
September 6, 1978.
*440 Robert J. Telfer, Jr., Titusville, for appellants.
John G. Rooney, of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for appellee.
MOORE, Judge.
This is an action for damages alleged to have been suffered by a bicyclist as the result of a collision between his bicycle and an automobile driven by the appellee. The parties will be referred to as they appeared in the trial court. At the close of the defendant's case the trial court granted a directed verdict in favor of the defendant from which verdict and resulting judgment this appeal follows.
The plaintiff contends the trial erred in directing a verdict against plaintiff and in failing to grant a motion for new trial. Plaintiff also contends the court erred in taxing the costs of copies of depositions.
The facts reveal that at approximately 6:15 A.M. on February 21, 1976 the plaintiff, Fred Marcano, and a young friend were proceeding on their bicycles in single file across a bridge from which they intended to fish. The bridge consisted of two lanes, one each for travel in an easterly and westerly direction. There was also a walkway on each side of the bridge. With Fred in the lead, the boys proceeded in an easterly direction on the roadway staying as close as possible to the walkway, intending to park their bicycles at the eastern most end of the bridge and returning to fish from the north side of the bridge.
The defendant, Ante Puhalovich, and his son, also intending to go fishing, approached the bridge in defendant's automobile from the same direction of travel as the boys on their bicycles. In order to pass the first boy the defendant moved to his left into the westbound lane of traffic, returning to the eastbound lane after successfully passing. There is conflicting evidence as to the location of the defendant's vehicle, with respect to the east and westbound lanes of travel, immediately upon approaching the plaintiff. This conflict, however, exists in the testimony of the defendant and his son. All of the evidence reveals that the defendant had his lights on and was traveling well within the speed limit. Although not seen by the defendant, both boys testified that they had reflectors and generator lights on the front and back of their bicycles. Shortly after passing the first boy, the collision between defendant's automobile and plaintiff's bicycle occurred. Neither the plaintiff nor the first boy saw the actual collision. The plaintiff testified that although he did not hear the vehicle approaching him he nevertheless maintained his direction of travel in a straight line without veering to one side or the other. From this testimony he contends that defendant struck him from behind. On the other hand, the defendant testified that as he was approaching and passing the plaintiff the latter turned left (to the north) and struck his automobile on the righthand side near the right front wheel well. The only physical evidence, as depicted in photographic evidence, indicates a dent in the *441 right fender of the vehicle some distance back from the front of the vehicle.
Upon seeing the plaintiff's turn to the north the defendant testified that he immediately turned his vehicle to the north, crossing the westbound lane, in an attempt to avoid the collision.
Plaintiff's entitlement to recovery depends upon the existence of negligence by the defendant in the operation of his automobile. The mere occurrence of an accident does not give rise to an inference of negligence which must be proved by the plaintiff by a greater weight of the evidence. Novitch v. Nu Way Auto Service, 315 So.2d 203 (Fla.3d DCA 1975). Absent such proof the court would be correct in granting the directed verdict and denying the motion for new trial. In granting a motion for directed verdict, however, the court must determine that there is no evidence to support a finding for the party against whom the verdict is sought. The authority to direct a verdict must be exercised with great caution as in doing so the court is encroaching upon the right of a litigant to a jury trial and such a right should not be denied unless, as a matter of law, no reasonable inferences can be drawn from the evidence in favor of the non-moving party. Sun Life Insurance Co. of America v. Evans, 340 So.2d 957 (Fla.3d DCA 1976).
Defendant relies heavily upon Lake v. Coe, 346 So.2d 618 (Fla.3d DCA 1977) wherein the plaintiff testified that he did not remember anything after having worked on his motorcycle on the side of the road until he awakened at the hospital. Based upon that testimony it was the plaintiff's contention that the defendant left the paved portion of the road and struck the plaintiff. Unlike the Lake v. Coe case the plaintiff in the instant case testified that he was on the roadway and never veered the direction of his travel on his bicycle from the straight line. If such testimony is accepted by the jury a reasonable inference arises as to the negligence of the defendant in failing to avoid the collision. Thus, the trial court was incorrect in granting the directed verdict against the plaintiff because there was a reasonable inference of negligence when the evidence is viewed in the light most favorable to the plaintiff.
Accordingly, the trial court's order granting defendant's motion for directed verdict is reversed and this cause is remanded with directions to grant the plaintiff a new trial. In view of this holding the trial court's order taxing costs of copies of depositions is also reversed.
REVERSED and REMANDED.
DOWNEY, C.J., and LETTS, J., concur.