370 So.2d 836 (1979)
Roberto HERNANDEZ and Esther Hernandez, His Wife, Appellants,
v.
MOTRICO, INC., Etc., et al., Appellees.
No. 78-911.
District Court of Appeal of Florida, Third District.
May 8, 1979.
*837 Milton Kelner, Miami, for appellants.
Preddy, Kutner & Hardy, Greene & Cooper and Robyn Greene, Miami, for appellees.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
By this appeal we are asked to determine whether the trial court committed error in granting the motion for a directed verdict in favor of defendants/appellees at the close of appellant/plaintiff's case. We find error and reverse.
Appellants, Roberto and Esther Hernandez,[1] instituted suit against appellees and others for injuries sustained in a shooting incident in the cocktail lounge of the bar of the Centro Vasco Restaurant. The trial court entered a default on liability against Omar Jesus Gonzalez, the individual who was the assailant, after he failed to respond to the complaint; the court also granted a motion for summary judgment and dismissed the insurer of an individual who had been arguing with the assailant prior to the shooting. Thus, the case was tried against the remaining defendants, the appellees  Motrico, Inc., owner of the restaurant and bar; Juanitocho Saizarbitoria, the manager; Armando Flores, the bartender; and the insurer of the restaurant. The basis for the negligence action is the allegation that the defendants failed to exercise due care to maintain the premises in a reasonably safe *838 condition and to guard against subjecting the plaintiff/patron to dangers of which the owners/operators were cognizant or might reasonably have foreseen.
Subsequent to the rendition of the final judgment pursuant to the directed verdict and the denial of a motion for new trial, Mr. and Mrs. Hernandez filed this appeal. The sole issue raised is whether there was evidence or reasonable inference therefrom to support the plaintiffs' cause of action, thus precluding the directed verdict as a matter of law.
It is well established that a directed verdict should be granted the defendant by the trial court at the close of plaintiff's case only when it is clearly apparent to the court that no evidence has been submitted on which the jury could lawfully find a verdict for the plaintiff, and the conclusion reached by the trial judge under the circumstances is a conclusion of law resulting from the presence of a state of facts that permits no other legal result. MacAlpine v. Martin, 205 So.2d 347 (Fla. 2d DCA 1967); Sun Life Insurance Co. of America v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976); Florida Rule of Civil Procedure 1.480, Florida Statutes Annotated, Volume 30. However, the direction of a verdict can constitute an encroachment on the right of a litigant to a jury trial and an invasion by the court of the province of a jury which is contrary to constitutional guaranties,[2] where there is any evidence to justify a possible verdict for the non-moving party  even if a preponderance of the evidence appears to favor the movant. See Budgen v. Brady, 103 So.2d 672 (Fla. 1st DCA 1958). The authority of the court to direct a verdict should be exercised with caution, and this is especially true in negligence cases where the function of a jury to weigh and evaluate the evidence is particularly important since reasonable men often draw varied conclusions from the same evidence. Brookbank v. Mathieu, 152 So.2d 526 (Fla. 3d DCA 1963). See generally, 88 C.J.S. Trial § 249 et seq.
The instant record reflects by way of deposition and trial testimony that the evidence is conflicting in some of its material aspects, which, under the circumstances of a negligence action such as we are reviewing here commands our determination that the granting of the directed verdict is reversible error. It must be kept in mind that if there is room for a difference of opinion between reasonable men as to the proof of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences that might be drawn from conceded facts, the matter should be submitted to the jury. McCabe v. Howard, 281 So.2d 362 (Fla. 2d DCA 1973) and Ranger v. Avis Rent-A-Car System, Inc., 336 So.2d 467 (Fla. 3d DCA 1976). The trial court should not infer certain facts, as a matter of law, unless they are certain and incontrovertible. Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741 (Fla. 1933).
The facts herein are not certain and incontrovertible, and the function of the jury in resolving factual conflicts is quite as important as any single function performed by the court. Our system of justice requires that the jury, as trier of facts, is to determine the credibility and probative force of conflicting testimony, then to decide who is speaking the truth. Crews v. Warren, 157 So.2d 553 (Fla. 1st DCA 1963).
The final judgment entered pursuant to the directed verdict is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
NOTES
[1] The wife was a plaintiff based upon a derivative claim.
[2] Citizens' & People's National Bank v. Louisville & N.R. Co., 80 Fla. 319, 85 So. 916 (Fla. 1920) and Sun Life Insurance Co. of America v. Evans, supra.