444 So.2d 1093 (1984)
VECTA CONTRACT, INC., Appellant,
v.
John T. LYNCH and Jean T. Lynch, His Wife, Appellees.
No. 82-2615.
District Court of Appeal of Florida, Fourth District.
January 25, 1984.
Rehearing Denied February 29, 1984.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for appellant.
Larry Klein and Ricci & Roberts, West Palm Beach, for appellees.
HERSEY, Judge.
John T. Lynch obtained a jury verdict in the amount of $80,000 as compensation for personal injuries occasioned by the *1094 collapse of a defectively designed chair allegedly manufactured by Vecta Contract, Inc. Twenty thousand dollars was awarded to his spouse, Jean T. Lynch, for derivative losses. Vecta appeals the final judgment entered thereon suggesting that there was insufficient evidence to go to the jury on the question of whether Vecta manufactured the defective chair. In a products liability case it is necessary to present evidence that the defendant manufactured or produced the product that caused the injury. Morton v. Abbott Laboratories, 538 F. Supp. 593 (M.D.Fla. 1982). The issue on appeal here is the sufficiency of the evidence adduced to satisfy this requirement.
"Sufficiency is a test of adequacy. Sufficient evidence is `such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.'" Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). It is not the function of the trial judge or the appellate court to (re)weigh evidence. Id. The jury should decide the issues where there is the possibility of different conclusions or inferences from the evidence. Ranger v. Avis Rent-A-Car System, Inc., 336 So.2d 467 (Fla. 3d DCA 1976). Only when there is no evidence or reasonable inferences drawn from the evidence to support the nonmoving parties' position should a trial court direct a verdict. Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA), appeal dismissed, 365 So.2d 714 (Fla. 1978). The appellate tribunal's concern is "whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment." Tibbs, 397 So.2d at 1123.
The record reveals that chairs of the genre that collapsed under plaintiff were originally manufactured by a company named Burke, Inc. That company, together with the right to manufacture the chairs, was acquired by Vecta. It was thus incumbent on plaintiff to show that the particular chair was manufactured by Vecta rather than by Burke. This was accomplished by attempting to show (1) the approximate date on which Vecta acquired the manufacturing rights and (2) that the chair was manufactured subsequent to that date.
In order to prove the date on which acquisition occurred plaintiff introduced the testimony of a manufacturer's representative who had dealt with the Burke and Vecta chairs. On direct examination this witness, Eugene Lisa, testified that Vecta acquired Burke "in the late sixties." On cross-examination the witness was asked whether he had personal knowledge as to the date of acquisition. His response was:
It would have to have been prior to 1973 because at that time I did work in an office furniture dealership and we did have a Vecta catalog as opposed to a Burke catalog. From what I remember of the history given on the company, the late sixties appears to be a time frame when the transition occurred.
The second element of proof, the date of manufacture of the chair, was attempted to be established by the testimony of David Jenkins, an engineer on the faculty of a university. His pertinent testimony, responding to cross-examination, was as follows:
Q Do you have any idea, Doctor, any opinion as to the age of this chair?
A No, sir, I do not.
Q You don't know if it was a new chair or if it was a chair that was ten years old, do you?
A From the appearance of the other chairs in the photograph I would say they are not terribly old. They weren't ten years old, I don't believe, simply because they were clean, free of scratches and stains and things like that. But, that's the only way I can 
Q Which photographs are you talking about that show they are clean and free of scratches?
A That would be Exhibit 1.
Q Are you able to tell from this Exhibit 1, Doctor, Plaintiffs' Exhibit 1, *1095 whether there are any scratches on the base or the metal shaft?
A It's really quite difficult to say.
Q Yes. Now, with respect to the plastic that's shown, wouldn't you really need a magnification to see if there was any damage of any kind to that?
A That's correct, yes.
Q You haven't told us about using a magnifying glass in examining the pictures. Did you use one?
A I did not.
There was testimony, then, regardless of its weight, that Vecta acquired Burke in the late sixties and that chairs presumably purchased at the same time as the defective chair (which was not available for inspection) were not more than ten years old. The accident occurred in 1977. The chairs were therefore manufactured between 1967 and 1977.
It is true that the jury could have placed the date of acquisition as 1968 or 1969 and the date of manufacture as anytime subsequent to that presumed date. On the other hand the evidence supports an inference that acquisition occurred in 1969 and manufacture in 1968. There is no legal justification for tipping the scales in favor of either alternative. The choice amounts to rank speculation. This a jury is not permitted to do. Florida Rate Conference v. Florida Railroad & Public Utilities Commission, 108 So.2d 601 (Fla. 1959). We therefore determine that the plaintiff, appellee here, did not offer sufficient evidence that defendant manufactured the defective chair to take the issue to the jury. A verdict should have been directed for the defendant.
Accordingly we reverse and remand with directions to enter judgment for the defendant.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.