PER CURIAM.
Plaintiff brought suit against Idy Corp., d/b/a Crazy Horse Saloon and its insurance company seeking compensatory and punitive damages.[1] She alleged injury resulting from two separate acts of assault and battery committed on the same evening by Crazy Horse employees. The trial court directed a verdict on the issue of liability as to both alleged assault incidents. *14 The jury subsequently awarded $5,000 compensatory damages and $50,000 punitive damages to the plaintiff. There was no apportionment of damages as between the two alleged assaults. Idy Corp. appeals, asserting as its main contention that the trial court erred in directing a verdict in reference to the first assault.
 A trial court may properly direct a verdict only in the absence of any evidence or reasonable inferences supportive of the position of the nonmoving party. Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Dandashi v. Fine, 397 So.2d 442 (Fla.3d DCA 1981). Although defendant offered no testimony at trial concerning the second assault, it did offer some evidence to dispute the tortious nature of the first alleged assault. Several witnesses gave testimony tending to prove that plaintiff became a trespasser by creating a disturbance and then refusing to leave the premises after being asked. The issue of whether defendant’s employees used reasonable force to eject the plaintiff was, therefore, a jury question. The directed verdict was improper.[2]
Reversed and remanded for a new trial.

. Two different attorneys appeared on behalf of the defendant, Idy Corp., as its insurer would defend only against the claim for compensatory damages. Idy Corp. retained independent counsel to represent it against the punitive damage claim. Idy Corp. asserts as error the trial court’s refusal to allow both attorneys to participate in the first day of a two-day trial. Our reversal on other grounds renders this issue moot. On retrial, both attorneys shall be given a full opportunity to participate.

. Defendant’s claim that the punitive damage award was excessive need not be reached in light of our reversal and remand for a new trial.