BASKIN, Judge.
Willis Insurance Agency, Inc. [Willis] appeals a final judgment awarding damages to appellee Luckey based upon Willis’s alleged negligent failure to procure or maintain adequate insurance coverage for Luck-ey. Willis also challenges the order denying its post-trial motions. We reverse the final judgment upon a holding that the evidence was insufficient to support a jury verdict predicated upon Willis’s negligence.
Where the evidence is not in conflict and there is no evidence adduced that could in law support a verdict for the non-moving party the trial court can and should direct a verdict in favor .of the movant. Whetzel v. Metropolitan Life Insurance Company, 266 So.2d 89 (Fla. 4th DCA 1972); Garris v. Robeison, 146 So.2d 388 (Fla. 2d DCA 1962).
National Car Rental System, Inc. v. Bostic, 423 So.2d 915, 917 (Fla. 3d DCA 1982), review denied, 436 So.2d 97, 99 (Fla.1983). See Idy Corp. v. Fenton, 454 So.2d 13, 14 (Fla. 3d DCA 1984); Vecta Contract, Inc. v. Lynch, 444 So.2d 1093, 1094 (Fla. 4th DCA), review denied, 453 So.2d 44 (Fla.1984). Unrebutted testimony established that Luckey did not request insurance coverage for the contents of his new apartment; thus, there was no evidence from which the jury could have found Willis negligent for failure to procure or maintain *1198 adequate coverage for Luckey.* We therefore hold that the trial court erred in failing to direct a verdict for Willis.
For these reasons, we reverse and remand for the entry of a final judgment in favor of Willis.

 Although Willis may have been negligent in failing to inform Luckey that his name had been removed from the original policy, Luckey received compensation in the full amount allowable under that policy’s off-premises coverage and may not be heard to complain on that ground.