510 So.2d 610 (1987)
Stanley ROSENBERG, M.D., Appellant,
v.
GUARDIAN LIFE INSURANCE COMPANY, Appellee.
No. 86-2458.
District Court of Appeal of Florida, Third District.
June 23, 1987.
Rehearing Denied August 19, 1987.
*611 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Shutts & Bowen and William J. Gallwey, III and Philip D. Parrish and Phillip G. Newcomm, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Stanley Rosenberg, an ophthalmologist, filed an action seeking to have declared his right to receive total disability benefits from his insurer, Guardian Life Insurance Company, for a period during which Rosenberg, although indisputably able to engage in a substantial part of the practice of his specialty (and successfully so doing), was indisputably unable to perform microsurgery. The trial court found in essence that because Rosenberg was able to perform the substantial part of his regular duties and because eye surgery was merely a nominal part of Rosenberg's practice before the onset of his disability, he was not entitled to these benefits. Rosenberg appeals.
Were this simply a matter of determining whether Rosenberg was totally disabled within the meaning of that term in the insurance policy,[1] we would have little difficulty in agreeing with the trial court that, under the cases giving meaning to that term, see, e.g., New England Mutual Life Insurance Co. v. Huckins, 127 Fla. 540, 550, 173 So. 696, 700 (1937) ("the incapacity contemplated means incapacity or inability to the extent of being wholly and permanently unable to do substantially all of the material acts that are usually required to be performed in the occupation or profession or work in which the insured is engaged"); Sun Life Insurance Company of America v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976); Lorber v. Aetna Life Insurance Co., 207 So.2d 305 (Fla. 3d DCA 1968); Scott v. General Accident Fire & Life Assurance Corp., 158 So.2d 532 (Fla. 3d DCA 1963), Rosenberg was not totally disabled and not entitled to commensurate benefits. However, it is clear that in 1982, well before the onset of any disability, Guardian, through its agent, modified the existing policy when it assured Rosenberg in a letter that he would be entitled to disability benefits even though he was "able to engage in a general or specialized medical practice which did not include the essential activities associated with a specialist in ophthalmic surgery." Under this bargained-for modification,[2] Rosenberg was entitled to benefits notwithstanding that only a small part of his practice had theretofore been devoted to ophthalmic surgery and notwithstanding that his practice flourished upon his return from the disabling illness.
Although Guardian accurately asserts that Rosenberg did not formally plead that the insurance contract had been modified, the issue of whether it was modified was quite obviously tried with Guardian's implied consent when it failed to object either to the introduction of the modifying document, or its precipitator, see supra note 2; Twenty-Four Collection, Inc. v. M. Weinbaum Construction, Inc., 427 So.2d 1110, 1112 (Fla. 3d DCA 1983) (when an issue is tried by implied consent, "it is treated in all respects as if raised by the pleadings without the necessity of a motion to amend the pleadings to conform to the evidence"); Di Teodoro v. Lazy Dolphin Development Co., 418 So.2d 428 (Fla. 3d DCA 1982) (same), other than to object that "the letter will speak for itself," an objection designed only to prevent the witness *612 from giving his interpretation of the words. Caldwell v. People's Bank, 73 Fla. 1165, 1174-75, 75 So. 848, 852 (Fla. 1917) (appellate court will consider only such grounds of objection to admissibility as were made in the court below); see also Courson v. State, 414 So.2d 207, 209 (Fla. 3d DCA 1982) (specific grounds for objection must be stated).
Accordingly, the judgment under review is reversed, and the cause is remanded to the trial court with directions to enter appropriate judgment for the appellant.
Reversed and remanded, with directions.
NOTES
[1] The policy in question defines the term "total disability" as "the complete inability of the Insured to engage in his regular occupation or profession."
[2] Guardian's letter was in response to one written by the field representative who had sold the policy to Rosenberg asking for assurance that "Dr. Rosenberg is, in fact, covered by The Guardian in his new speciality, ophthalmic surgeon, and if he is prevented from performing ophthalmic surgery, the Guardian will pay him disability income of $3,200 monthly benefits."