Julian H. GROFF, Plaintiff,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, Defendant.

No. 91–1601–CIV.

United States District Court,
S.D. Florida.

Aug. 4, 1993.

Jonathan H. Groff, Miami, FL, for plaintiff.

Mark D. Greenberg, Stinson, Lyons, Gerlin & Bustamante, P.A., Miami, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's, The Paul Revere Life Insurance Company, ("Revere"), Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After consideration of the Motion, Plaintiff's response in opposition thereto, the affidavits and records submitted on behalf of both parties, and the pertinent portions of the record, the Court enters the following Memorandum Order.

### MEMORANDUM

#### I. Background

Plaintiff, Dr. Julian Groff, ("Dr. Groff"), brought this action for breach of contract against Revere, seeking benefits under the terms of three disability policies purchased from Revere. See Exhibits "A", "B", and "C" to complaint. Dr. Groff is an ear, nose, and throat surgeon who, at least prior to January, 1991, also had a subspeciality in head and neck cancer surgery. Dr. Groff was one of the few surgeons in the South Florida area who performed major head and neck cancer surgery, and accepted referrals of such cases from numerous local physicians. Dr. Groff's practice was divided by 60% surgery to 40% clinical.

On January 23, 1991, while skiing in Vail, Colorado, Dr. Groff suffered significant injuries to his shoulder and adjoining areas of his body. Specifically, Dr. Groff dislocated his shoulder, fractured a piece of bone, and tore the cartilage in the shoulder joint. A subsequent Magnetic Resonance Imaging ("MRI") examination revealed that a piece of bone remained out of place, resulting in the neces-

sity of additional physical therapy by Dr. Groff.

Dr. Groff returned to his practice within weeks of the injury. Because of his injuries, however, the scope of Dr. Groff's practice allegedly became limited. He became unable to perform "major" neck and head cancer surgeries without assistance, and even procedures which could previously be performed in his office had to be performed at a hospital facility. Dr. Groff hired an associate surgeon in 1991 who assists him in performing the more complex and physically demanding procedures.[1]

Based upon his alleged inability to perform the tasks of his occupation, Dr. Groff seeks to enforce the provisions of the "Total Disability" clause of each policy. The clause at issue in this action, which is identical in each policy, defines "Total Disability" to mean "that, as a result of such injury or sickness, the insured is unable to perform the duties of his regular occupation; . . . . See "Total Disability" Clause of Policies attached to Complaint as Exhibits "A", "B" and "C". Revere filed the instant Motion, seeking entry of summary judgment and judicial determination that Dr. Groff is not totally disabled within the meaning of that clause of the policies.

#### II. Standard of Review on Summary Judgment

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

It may be entered only where there is *no* genuine issue of material fact. Moreover, the moving party has the burden of meeting

---

1. Dr. Groff testified at deposition that he would have hired an associate regardless of his injury, but that due to the injury, the associate would

have to assist him on a regular basis in performing surgeries which he could previously perform alone prior to his injuries.

this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In applying this standard, the Eleventh Circuit has explained:

> In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Adickes [v. S.H. Kress & Co.]*, 398 U.S. [144] at 157, 90 S.Ct. [1598] at 1608 [26 L.Ed.2d 142]; [ (1970) ] [*Environmental Defense Fund v.] Marsh*, 651 F.2d [983] at 991 [1981]. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Marsh*, 651 F.2d at 991; *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co.*, 420 F.2d at 1213. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronic [Techniques Inc. v. Wackenhut Protective Systems, Inc.]*, 669 F.2d [1026] at 1031 [ (5th Cir.1982) ]; *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970).

Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. at 160, 90 S.Ct. at 1609–10; *Marsh*, 651 F.2d at 991. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611–12 (5th Cir.1967). *See Dalke v. Upjohn Co.*, 555 F.2d 245, 248–49 (9th Cir.1977).

*Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368–69 (11th Cir.1982); *see also Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir.1985), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).

### III. Analysis

■ Under Florida law, the phrase "total disability" is a relative term, depending upon the character of the occupation, the capabilities of the insured and the circumstances of the particular case. *Sun Life Insurance Company of America v. Evans*, 340 So.2d 957, 959 (Fla.Dist.App.1976) (citing *Equitable Life Assurance Society of United States v. Wiggins*, 115 Fla. 136, 155 So. 327 (Fla.1934)). "It is necessary to look to the insured's occupation as a whole in order to determine whether the insured can no longer perform his occupational duties; total disability does not mean absolute helplessness, but contemplates a disability to perform all the substantial and material acts necessary to his usual occupation in a customary and usual manner." *Sun Life*, 340 So.2d at 959 (citing *Lorber v. Aetna Insurance Company*, 207 So.2d 305 (Fla.Dist.App.1968), *cert. denied*, 212 So.2d 876 (Fla.1968)). Ordinarily, the application of the term "total disability" is a question of fact for the jury. *Sun Life*. 340 So.2d at 959.

■ Revere argues that Dr. Groff's physical condition has not significantly hampered his ability to perform surgical procedures. Revere points to several instances within weeks of the injury in which Dr. Groff allegedly performed "major"[2] surgeries without assistance; asserts that the number of surgi-

---

**2.** At deposition, Dr. Groff testified that a surgical procedure is classified based upon the time required to complete the procedure, the physical effort expended, and complexity of the procedure. Dr. Groff points out in his response memorandum that while he indicated that generally, the type of procedures identified by Revere as being performed within weeks of the injury would be classified as "major", he did not recall the specific surgeries, or the circumstances under which they were conducted.

cal procedures conducted by Dr. Groff on a monthly basis has remained fairly constant both before and after the accident; and further, presents evidence that Dr. Groff's practice has not suffered any economic downswing since the injuries he suffered in January, 1991. Although Dr. Groff has suffered some degree of disability which prevents him from performing certain tasks of his occupation, Revere argues that his current ability to perform surgical procedures negates any claim of total disability under the policies.

Dr. Groff's response in opposition is premised upon his testimony at deposition wherein he described his inability to perform many of his occupational tasks due to the continuing nature of his injuries. First, Dr. Groff asserts that he cannot perform major neck and head cancer surgeries unassisted, which prior to his accident, comprised a substantial portion of his practice. Due to his condition, Dr. Groff relies on "co-surgeons", or his associate to assist him in such procedures. Moreover, minor procedures which previously could be performed in Dr. Groff's office have had to be undertaken at hospital facilities with the use of anesthesia on the patient in order to accommodate Dr. Groff's weakened condition. Basically, Dr. Groff asserts that his injuries hamper every facet of his practice such that he is totally disabled within the meaning of the definition contained within the policies.

Case law cited by Revere does not compel the entry of summary judgment in its favor.[3] In *Rosenberg v. Guardian Life Insurance Company*, 510 So.2d 610, 611 (Fla.Dist.App. 1987), *rev. denied*, 520 So.2d 584 (Fla.1988), an opthamologist brought an action against an insurer seeking to receive total disability benefits for a period of time in which he was unable to perform a small part of his practice, i.e., microsurgery. The trial court found that since the opthamologist was able to perform a substantial portion of his regular duties, and that microsurgery was a "nominal" part of his practice, he was not entitled

to total disability benefits from the insurer. *Id.* at 611. In reversing the decision of the trial court, the appellate panel found that the opthamologist had specifically bargained for a modification to his policy which would provide benefits if he was unable to perform a specialized portion of his practice, even if he was capable of engaging in a general practice. *Id.* Relevant to this matter, and offered by Revere in support of summary judgment is the *Rosenberg* court's initial statement that had this case merely involved a determination of whether the opthamologist was totally disabled within the meaning of the policy, then the trial court's decision would have been affirmed under long-standing Florida law defining total disability. *Id.* (citing *e.g. New England Mutual Life Insurance Company v. Huckins*, 127 Fla. 540, 550, 173 So. 696, 700 (1937)).

Several factors preclude application of the *Rosenberg* dicta to the instant action. First, based upon Dr. Groff's testimony, "major" head and neck cancer surgery could not be characterized as a "nominal" part of his practice. Dr. Groff performed many such surgeries, and accepted such referrals from many local physicians. In addition, Dr. Groff asserts that not merely his specialty, but his entire practice, has been detrimentally affected by his injuries. Moreover, the definition clause under the policy in *Rosenberg* was more narrow than the definition at issue here.[4]

Similarly, *Sun Life* lends no support to Revere's position on summary judgment. In *Sun Life*, the entry of directed verdict for plaintiff and a finding of total disability was reversed by the Third District Court of Appeal. 340 So.2d at 959. While evidence indicated that the plaintiff's injuries did not allow him to perform certain functions of his occupation as a proprietor of a air-conditioning duct installation business, the disability did not prevent the plaintiff from performing other material aspects of the same position.

---

**3.** It is important to note that none of the cases cited by Revere in support of its Motion were decided at the summary judgment stage of the litigation, but rather upon either jury verdict or directed verdict after close of all the evidence at trial.

**4.** The clause at issue in *Rosenberg* defined "total disability" as " 'the complete inability of the insured to engage in his regular occupation or profession' ". *Rosenberg*, 510 So.2d at 611, n. 1.

*Id.* at 958, 959. Once again in the present action, Dr. Groff asserts that his entire practice has been adversely affected, not simply one portion thereof, creating a question of fact for the jury as to whether he is totally disabled. *Id.*

In *Danzig v. Reliance Standard Life Insurance Company,* 668 F.Supp. 1551, 1554 (S.D.Fla.1987), Judge Gonzalez found that a postal employee suffering from a total back injury was not totally disabled under the terms of a disability policy. In so concluding, the court found that the postal employee was unable to perform only one specific function of his former position, but could perform several different "light duty" tasks for the United States Postal Service. *Id.* at 1553, 1554. Dr. Groff asserts that he is unable to perform much more than simply one aspect of his practice.

The Court finds that genuine issues of material fact exist regarding Dr. Groff's ability or lack thereof to perform certain occupational tasks sufficient to defeat Revere's Motion for Summary Judgment. Although evidence has been presented to indicate that Dr. Groff continues to enjoy a thriving ear, nose and throat surgical practice, the application of the term "total disability" under the Revere policy to Dr. Groff's physical condition is most appropriately resolved by the jury at trial. *See Sun Life,* 340 So.2d at 959. Accordingly, Revere's motion must be denied.

### IV. Conclusion

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment is, and the same is, hereby **DENIED.**

**DONE AND ORDERED.**