PER CURIAM.
We find that the trial court properly denied the defendants’, Metropolitan Dade County [the county] and Jorge and Celina Contreras [the landowners], motions for directed verdict. We affirm.
These defendants, along with the motorist involved, were sued when a pedestrian, who was crossing the street at a signalized intersection, was struck and killed by a motorist. The plaintiffs alleged that these defendants, the county and the landowners of the property adjacent to the crosswalk, contributed to the cause of the accident by negligently allowing trees and shrubbery to protrude over the sidewalk causing the traffic light in the motorist’s lane and the county’s school crossing sign to be obstructed.
This cause proceeded to trial by jury, and at the close of the plaintiff’s case and at the conclusion of all the evidence, the county and the landowners moved for a directed verdict on the basis that there was no evidence that either of them had caused the accident and that the evidence clearly indicated that the motorist was the sole cause of the accident. The judge reserved ruling.
The jury deliberated and returned a verdict in favor of the plaintiff finding the motorist 50% liable, the county 25% liable, the landowners 25% liable, and the decedent 0% at fault. Following the trial, the county and the landowners both moved for either judgment in accordance with their prior motions for directed verdict or for a new trial. These motions were denied, and these appeals follow.
These defendants, the county and the landowners, argue that their motions for directed verdict should have been granted where there was no evidence presented that they caused the accident since the evidence clearly indicated that even though the traffic light in the motorist’s lane was completely obstructed, the motorist clearly saw the other traffic light in the adjacent lane and therefore, was the sole cause of the accident. We disagree.
“A trial court may properly direct a verdict in the absence of any evidence or reasonable inferences supportive of the position of the nonmoving party.” Idy Corp. v. Fenton, 454 So.2d 13 (Fla. 3d DCA 1984) (citations omitted). In the instant case, although other witnesses testified that the light was red when the motorist entered the crosswalk, the motorist testified that the light was yellow. The testimony of several witnesses and the pictures of the accident scene clearly showed that the trees and shrubs protruded over the sidewalk and obstructed both the traffic light in the motorist’s lane and the county’s school *1056 crossing sign. Additionally, there was expert testimony presented that if the motorist had the opportunity to see the school crossing sign, it would have added to her ability to respond to the situation. Therefore, when the evidence is viewed in the light most favorable to the nonmoving parties, there was sufficient evidence to allow the jury to determine the liability of these defendants, and the trial court properly denied their motions for directed verdict.
The defendants’ remaining points lack merit.
Accordingly, we affirm.