DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURA ACOSTA** and **RUBEN SOLA,**
Appellants,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D2024-0926

[October 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William Haury, Jr., Judge; L.T. Case No. CACE 19-10994.

Paul B. Feltman of Alvarez, Feltman, Da Silva & Costa, P.L., Miami, and Marcela Irimiea of the Law Offices of Marcote & Marcote De Moya, PLLC, Miami, for appellants.

Shakiva Brown, Richard Barry and Kristie Hatcher-Bolin of Gray/Robinson, P.A., Fort Lauderdale, for appellee.

HARPER, BRADLEY, G., Associate Judge.

After trial of this declaratory judgment action, the jury returned a verdict finding that Hurricane Irma created an opening in Laura Acosta's and Ruben Sola's ("the homeowners") roof that allowed rainwater to enter their residence, and that their insurer, Citizens Property Insurance Corporation ("Citizens") failed to prove the damage was the result of wear and tear. The trial court set aside that verdict, concluding that neither the homeowners nor their expert specifically identified a specific peril-created opening and that the roof photographs showed no storm-related damage.

We reverse and remand for reinstatement of the jury's verdict. We conclude the verdict was supported by competent substantial evidence and the trial court improperly reweighed conflicting testimony and substituted its own evaluation of the significance of photographic evidence for that of the jury.

*Factual Background*

On September 13, 2018, the homeowners notified Citizens of their claim that Hurricane Irma caused damage to their roof and home interior. Citizens denied the claim alleging that the damage was caused by wear, tear and deterioration to the roof. Citizens also denied the interior damage claim alleging the damage was not caused by a wind-created peril.

The homeowners commenced this declaratory judgment action as a result of Citizens' denial of coverage under the policy. Citizens filed a motion for final summary judgment, arguing that the homeowners had failed to present evidence to prove Hurricane Irma created an opening in their roof that allowed rainwater to enter their home. The trial court denied Citizens' motion, finding a genuine issue of material fact for the factfinder to resolve regarding whether the roof opening was caused by a hurricane or by wear and tear. Thus, at the summary judgment stage, the trial court found that causation was a genuinely disputed issue of fact.

At trial, Citizens did not dispute that the homeowners had roof damage or that the roof had an opening. Citizens called a field adjuster as its expert witness. The field adjuster confirmed the roof damage and agreed that he had observed areas of roof damage that correlated to interior leaking in the bedroom. He testified that roof grout would deteriorate over time from the elements or a leak, and that photographs in evidence showed roof damage and deterioration of the grout and/or tile. The field adjuster denied that the roof damage was caused by Hurricane Irma. However, he conceded that "the elements" could move the roof tile and break the grout.

*Denial of Citizens' Daubert Motion*

The homeowners also called an expert witness. Prior to the homeowners' expert's trial testimony, Citizens moved to strike the homeowners' expert and conducted a voir dire examination of the expert outside the jury's presence. During the voir dire, Citizens established that everyone "[s]tipulates that there is an opening …"; the homeowners' expert did not go into the attic to visually observe an opening; and the homeowners' expert had relied on data from the National Weather Service, the hurricane center, and CoreLogic to estimate the accuracy of the wind speed at the specific property. The homeowners' expert also testified that he had used meteorological data from the airport. The homeowners' expert did not know whether the data collection method of the National Weather Service and the hurricane center had been tested, nor if the weather collection method had been peer reviewed.

The trial court denied Citizens' *Daubert*[1] motion, despite Citizens' arguments that the homeowners' expert could not identify the location of the peril-created opening, did not see the actual opening, and could not show that Hurricane Irma had caused the opening, and that CoreLogic and NOAA data was unreliable.  On appeal, Citizens does not challenge the trial court's denial of its *Daubert* motion.

Ultimately, the homeowners' expert testified to the location of the opening based on the photographs, and further testified that the opening was created by the wind from Hurricane Irma.  Both the homeowners' expert and Citizens' field adjuster agreed that the roof photos showed damage.  However, the homeowners' expert and Citizens' field adjuster differed as to the cause of the damage.  The homeowners' expert testified the damage was not caused by wear and tear, and that a wind-created opening from Hurricane Irma in the roof membrane had caused the damage.  Citizens' field adjuster concluded the damage was caused by wear and tear and that the opening was not peril-created.

*Jury Verdict*

The jury found for the homeowners and Sola:

WE THE JURY, RETURN THE FOLLOWING VERDICT:

1.  Did the Plaintiffs prove, by the greater weight of the evidence that Hurricane Irma, which occurred on September 10, 2017, created an opening in the building allowing water to enter?

    Yes ✔          No _____

    **If your answer to Question 1 is "no," then please sign the verdict form and return to he courtroom.  If your answer to Question 1 is "yes," then please proceed to Question 2.**

2.  Did the Defendant prove, by the greater weight of the evidence, that the damage is consistent with wear, tear and/or deterioration?

    Yes _____          No ✔

After the verdict, Citizens moved for judgment notwithstanding the verdict ("JNOV"), arguing that the homeowners did not meet their burden as to causation to show that a covered peril had caused an opening in the roof or walls that allowed water to enter the home.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

The trial court granted Citizens' JNOV motion, finding:

> Neither [the homeowners], nor their expert were able to specifically identify a peril[-]created opening which permitted water to enter the premises. Likewise, the roof photos do not show any indication of storm damage or misalignment. *See Archer v. Tower Hill Signature Ins. Co.*, 313 So. 3d 645, 649 (Fla. 4th DCA 2021) (the policy provides coverage only when wind or hail creates an opening through which water enters).

The homeowners contend that the trial court erred in granting the JNOV because competent substantial evidence supported the jury's finding that Hurricane Irma had created the opening, causing water damage to their roof and in their home. Citizens contends that the trial court properly granted JNOV based upon *Daubert*. Citizens argues that the homeowners' expert's opinion testimony regarding the cause of damage was conclusory and unsupported by fact-based reasoning, his methodology was not sound or scientifically valid, and he failed to exclude other causes for the opening in the roof. As a result, Citizens argues that competent substantial evidence does not support the verdict.

*Legal Analysis*

A JNOV order is reviewed de novo. *Kopel v. Kopel*, 229 So. 3d 812, 819 (Fla. 2017). In reviewing a JNOV, the appellate court must "view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence, which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made." *Citizens Prop. Ins. Corp. v. Hernandez*, 360 So. 3d 737, 740 (Fla. 4th DCA 2023). "Trial courts may grant motions for JNOV only when there is no evidence or inferences which may support the opposing party's position." *Id.* (quoting *Fast Laundry II v. Gray*, 861 So. 2d 81, 82 (Fla. 3d DCA 2003)); *see also Hancock v. Schorr*, 941 So. 2d 409, 412 (Fla. 4th DCA 2006) ("A JNOV is appropriate only in situations where there is no evidence upon which a jury could rely in finding for the non-movant."). "It is not the function of the trial judge or the appellate court to (re)weigh evidence." *Vecta Cont., Inc. v. Lynch*, 444 So. 2d 1093, 1094 (Fla. 4th DCA 1984). "The jury should decide the issues where there is the possibility of different conclusions or inferences from the evidence." *Id.*

The homeowners' expert testified that he had relied on weather data from the National Weather Service, NOAA, the Miami airport, and CoreLogic to determine that Hurricane Irma's winds had reached ninety-

4

five miles per hour at the homeowners' property. The homeowners' expert also opined that after reviewing two physical inspections, drone photographs, and thermal imaging, wind force from the hurricane had created an opening in the roof's membrane. Although Citizens cross-examined the homeowners' expert about the reliability of those sources and presented its field adjuster to attribute the damage to wear and tear, it remained the jury's province—viewing all evidence and inferences in the homeowners' favor, *see Hancock*, 941 So. 2d at 412–13—to weigh this conflicting testimony.

Here, the trial court erred in granting JNOV and substituting its own assessment of causation for the jury's. The trial court's ruling impermissibly reweighed the photographic evidence and supplanted the jury's role as factfinder. The homeowners' expert and Citizens' field adjuster agreed that the roof photographs depicted damage. They simply disagreed as to what had caused the damage—Hurricane Irma's wind force versus wear and tear. The trial court's statement that "the roof photos do not show any indication of storm damage or misalignment" reflects its own factual determination about the meaning or significance of those images. "[I]t is not the function of the trial judge or the appellate court to (re)weigh evidence," *Vecta*, 444 So. 2d at 1094, and a JNOV "is appropriate only in situations where there is no evidence upon which a jury could rely in finding for the non-movant." *Hancock*, 941 So. 2d at 412. The competing expert opinions and the photographs provided competent substantial evidence from which the jury could conclude that Hurricane Irma had created the opening allowing water intrusion. Therefore, the trial court, by crediting its own view of the photographs over the testimony presented, engaged in the very reweighing of conflicting evidence that our precedent forbids.

Citizens' reliance on *Archer v. Tower Hill Signature Ins. Co.*, 313 So. 3d 645 (Fla. 4th DCA 2021), to support the trial court's JNOV is misplaced. First, *Archer* arose from an order granting summary judgment, not a post-trial motion for judgment notwithstanding the verdict. The procedural posture is critical. On summary judgment, the movant need only show the absence of any genuine dispute of material fact, and the court determines whether the nonmovant has presented sufficient evidence to create a factual issue for trial. By contrast, a JNOV motion asks a court to set aside a jury's verdict after a full trial, and may be granted only when "there is no evidence upon which a jury could rely in finding for the non-movant." *Hancock v. Schorr*, 941 So. 2d 409, 412 (Fla. 4th DCA 2006). The burden on the moving party is therefore far heavier after a jury has resolved factual disputes.

Second, in *Archer*, no genuine issue of fact existed because the insured's public adjuster had offered only conclusory statements, failing to expound on her observations or explain how she had concluded that the interior damages were consistent with damages caused by a wind-created opening. The record contained no competent evidence from which a reasonable factfinder could infer a covered peril. 313 So. 3d at 649–50; *see also Parc Royale E. Dev., Inc. v. U.S. Project Mgmt., Inc.*, 38 So. 3d 865, 869 (Fla. 4th DCA 2010) ("[N]o weight may be accorded an expert opinion which is totally conclusory in nature[.]").

Here, by contrast, the homeowners presented testimony from their expert—based on NOAA and National Weather Service data, drone photography, thermal imaging, and two physical inspections—that ninety-five miles per hour winds from Hurricane Irma had created an opening in the roof membrane. Citizens' field adjuster disagreed and attributed the damage to wear and tear. That direct conflict in testimony supplied the very "genuine issue of material fact" that would have defeated summary judgment in *Archer* and, as a result, makes it improper to overturn the jury's verdict by JNOV.

Accordingly, *Archer* provides no support for setting aside the verdict here because it involved a different procedural standard and a record devoid of expert testimony on wind-created openings.

*Conclusion*

Because the homeowners presented competent, substantial evidence through expert testimony, from which a reasonable jury could find that Hurricane Irma's winds created a peril-created opening in the roof, the trial court erred in granting judgment notwithstanding the verdict.

Accordingly, the final judgment notwithstanding the verdict is reversed, and this cause is remanded for entry of judgment consistent with the jury's verdict.

*Reversed and remanded.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***