394 So.2d 1128 (1981)
Gordon STENBACK and Clyde Trenary, Appellants,
v.
RACING ASSOCIATES, INC., Appellee.
No. 79-414.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
*1129 Harvey J. Garod of Law Offices of Reasbeck & Fegers, P.A., Hollywood, for appellants.
George A. Williamson, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final judgment entered pursuant to a directed verdict in a jury trial. Plaintiff/appellant sued defendant for breach of contract. The issue was whether, pursuant to a written lease, defendant was able to deliver an auditorium facility to the plaintiff/lessee in a timely fashion. The trial court concluded on motion for directed verdict that the plaintiff rather than the defendant had breached the lease in an anticipatory fashion. We conclude that this constituted error. The decision made by the trial court was basically one of fact. All evidence must be viewed in the light most favorable to the non-moving party when considering a motion for directed verdict. As stated in Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla.3d DCA 1979), at page 838:
It is well established that a directed verdict should be granted the defendant by the trial court at the close of plaintiff's case only when it is clearly apparent to the court that no evidence has been submitted on which the jury could lawfully find a verdict for the plaintiff and the conclusion reached by the trial judge under the circumstances is a conclusion of law resulting from the presence of a state of facts that permits no other legal result. MacAlpine v. Martin, 205 So.2d 347 (Fla.2d DCA 1967); Sun Life Insurance Co. of America v. Evans, 340 So.2d 957 (Fla.3d DCA 1976); Florida Rule of Civil Procedure 1.480, Florida Statutes Annotated, Volume 30. However, the direction of a verdict can constitute an encroachment on the right of a litigant to a jury trial and an invasion by the court of the province of a jury which is contrary to constitutional guaranties, where there is any evidence to justify a possible verdict for the non-moving party  even if a preponderance of the evidence appears to favor the movant. See Budgen v. Brady, 103 So.2d 672 (Fla.1st DCA 1958).
We conclude this case is within the above quoted rule and that the trial court erred in directing a verdict.
The case is remanded to the trial court for a new trial.
REMANDED.
LETTS, C.J., and BERANEK, J., concur.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge, dissenting:
The evidence in this case reflects that appellants contracted to lease the Sportatorium *1130 from appellee from 2:00 p.m. until midnight on June 17, 1973, to present a country western show. Although appellee was having difficulty obtaining a certificate of occupancy prior to the date in question, by approximately 2:00 p.m. on the date for the performance appellee was able to furnish the premises to appellants for the show. However, appellants had become nervous over the possibility the show would not go on. Therefore, appellants set 10:00 a.m. of the day of performance as an arbitrary deadline for the certificate of occupancy. When that time passed appellants cancelled the contract and notified the performers not to come to Hollywood. Appellants then commenced this suit.
In my judgment the appellee was able to furnish the facility within the time frame provided by the contract and appellants' anticipatory termination of the contract precludes them from maintaining this action. Thus, the directed verdict and final judgment for appellee was appropriate.