736 So.2d 794 (1999)
METROPOLITAN DADE COUNTY, Appellant,
v.
Frances MARTINSEN, Appellee.
No. 98-2055.
District Court of Appeal of Florida, Third District.
July 14, 1999.
Robert A. Ginsberg, County Attorney, and Thomas A. Tucker Ronzetti, and Warren F.X. Smith, Assistant County Attorneys, Miami, for appellant.
Robert A. Rosenblatt, Miami, for appellee.
Before NESBITT, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Metropolitan Dade County appeals a final judgment in a personal injury case contending that the trial court abused its discretion in failing to dismiss the case based on plaintiffs untruthful sworn statements. We reverse the judgment and remand for dismissal of the case.
Plaintiff, a nurse, sought recovery for injuries allegedly suffered when her car was rear-ended by a County bus that was traveling at approximately 4-5 miles per hour. Those injuries included neck, jaw, back, leg and arm pain. She did not plead or seek damages for aggravation of a preexisting injury. In response to interrogatories and deposition questions, plaintiff did not disclose an extensive history of medical treatment for similar injuries suffered in prior car accidents and in a work-related accident.[1] The County investigated *795 plaintiffs medical history and learned of the undisclosed information. At trial, plaintiff testified that she had injured her back in a work-related incident and that those injuries as well as injuries suffered as a result of previous car accidents had been "resolved." She also admitted that she had jaw problems but that she did not have to wear an appliance before this accident. On cross-examination, plaintiff confirmed the information that the County's investigation had disclosed. She admitted that the records revealed complaints of and treatment for injuries similar to those allegedly suffered in this accident; plaintiff explained that she did not remember the omitted information or did not believe that the County's questions concerned those injuries or incidents. The County sought dismissal based on plaintiffs untruthfulness in discovery. The court reserved ruling on the County's motion. The court included aggravation of pre-existing injury damages on the verdict form over the County's objection. Following a jury verdict in plaintiff's favor, the trial court denied the County's dismissal motion and entered judgment for plaintiff.
It is well-settled law "that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." Hanono v. Murphy, 723 So.2d 892, 895 (Fla. 3d DCA 1998)(citing Carter v. Carter, 88 So.2d 153, 157 (Fla.1956); Ashwood v. Patterson, 49 So.2d 848, 850 (Fla.1951); Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998); Figgie Int'l, Inc. v. Alderman, 698 So.2d 563 (Fla. 3d DCA 1997), review dismissed, 703 So.2d 476 (Fla.1997); Mendez v. Blanco, 665 So.2d 1149 (Fla. 3d DCA 1996); O'Vahey v. Miller, 644 So.2d 550, 550 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla.1995); Kornblum v. Schneider, 609 So.2d 138 (Fla. 4th DCA 1992); Horjales v. Loeb, 291 So.2d 92, 93 (Fla. 3d DCA 1974); Fair v. Tampa Elec. Co., 158 Fla. 15, 27 So.2d 514 (1946); Fagan v. Powell, 237 So.2d 579 (Fla. 3d DCA 1970)). Because the record clearly establishes that plaintiff engaged in serious misconduct, we hold that she has forfeited her right to proceed.
The record reveals that plaintiffs misrepresentations and omissions about her accident and medical history in interrogatories and in deposition went to the heart of her claim and subverted the integrity of the action. The extensive nature of plaintiffs history belie her contention that she had forgotten about the incidents, injuries and treatment. In addition, her confusion concerning the information requested, i.e., whether the discovery inquiries referred to resolved injuries, is disingenuous in light of the clear and unambiguous questions concerning prior injuries and plaintiff's failure to seek clarification. Based on this record, it is clear that the plaintiff gave "many false or misleading answers in sworn discovery that either appear calculated to evade or stymy discovery on issues central to her case." Cox, 706 So.2d at 47; see Hanono, 723 So.2d at 896; Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997); Mendez, 665 So.2d at 1150; O'Vahey, 644 So.2d at 550. See also Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Although plaintiff's responses included doctors she had visited before and after the accident, she did not *796 disclose the doctor she visited three days after the accident, who had treated her for several months and to whom she had revealed a previous car accident and a work-related injury; she named another doctor as the person who treated her after the accident.[2] Furthermore, she also failed to disclose that she had suffered from jaw pain, and had been treated for back, neck and hip problems for several years after the undisclosed incidents; it must be noted that regular treatment for the latter problems had terminated merely two years before this accident. However, plaintiff had recalled a back problem or injury as she had disclosed that problem on an employment application filled out several months before this accident.
We agree with the Fifth District as stated eloquently in Cox, 706 So.2d at 47, that "[t]he integrity of the civil litigation process depends on truthful disclosure of facts." Thus, we conclude that the trial court abused its discretion in failing to dismiss plaintiff's cause.
Accordingly, we reverse the judgment and remand the cause with directions to dismiss with prejudice.
Reversed and remanded with directions.
NESBITT, J., concurs.
SORONDO, J., concurs.
SORONDO, J., (concurring).
I agree with the analysis and conclusion of Judge Shevin's opinion. I write separately to take what I consider to be the final, necessary step in this case and refer this matter to the State's Attorney for Miami-Dade County with a request that she determine whether charges of perjury should be filed against the plaintiff herein.
The suggestion that perjury in civil cases is acceptable, or, in the alternative, that it will go unpunished even when discovered, has gained regrettable acceptance among many. I can think of few crimes, however, that strike more viciously against the integrity of our system of justice than the crime of perjury. In my judgment, it is imperative that when such misconduct is identified, offenders be immediately investigated and, if the evidence warrants, prosecuted to the full extent permitted by law. This Court has taken a strong first step in this direction by sanctioning the plaintiff for her misconduct. This is not enough. Experience teaches that there are some who follow the law because they understand and embrace the need for the rule of law in an ordered society. Others obey the law only because they fear the consequences of breaking it. It is imperative that the courts and law enforcement encourage and reinforce the faith the former have in the justice system, and constantly remind the latter of the reasons for their fears.
NOTES
[1] In response to interrogatory 16 concerning injuries for which she was claiming damages in this case, plaintiff described her injuries and stated, "I had no previous conditions." In answering interrogatories 18 and 19, she did not list the doctors who treated her for prior injuries and a chiropractor who treated her after this accident She answered "no" to interrogatory 20 which asked whether she had ever been involved in any accident in which she sustained personal injury.

In her deposition testimony, she reaffirmed her answer to interrogatory 20; she stated that she had never had any problems with back or hip pain before this accident; she had only gone to an unnamed chiropractor for "adjustments from being on [her] feet"; and she gave the incorrect name for the chiropractor she saw for eight months after this accident.
[2] In her response to an interrogatory requesting a list of treating or examining doctors, plaintiff did qualify her response by stating that she could not remember all doctors who treated her after the accident. She also did not list two pre-accident doctors who treated her for neck, back and hip pain.