HARRIS, J.,
concurring specially:
The vehicle driven by Stalvey collided with a vehicle being driven by Branton at the intersection of U.S. 1 and Arapahoe in St. Augustine. According to Branton, he was pulling off Arapahoe to make a left turn onto U.S. 1 when the collision occurred. Stalvey claims that she was driving north on U.S. 1 and hit Branton when he pulled into her path. Miller, an eyewitness, testified that he was waiting at a Subway shop on Arapahoe to pick up his *634 wife who was employed there when he observed Stavely come out of the Subway. She appeared upset and angry at her child as she got into her Lincoln and proceeded out of the parking area. Mrs. Miller, who had waited on Stavely at Subway and described her as being rushed and obnoxious, joined her husband and they followed Stal-vey from the Subway Shop on Arapahoe as she proceeded toward U.S. 1 and watched her as she ran the stop sign on Arapahoe and collided with Branton in the intersection. Although Miller testified that he advised Stalvey to leave her vehicle where it came to rest (a position indicating that she intended to make a left hand turn onto south bound U.S. 1), she backed up and pulled her vehicle into the north bound lane of U.S. 1 against the curb. Mrs. Miller also testified that she witnessed the accident and saw Stalvey “run into him.”
The jury believed the Millers and found Branton not liable for the accident. Stal-vey appeals, claiming the court erred in not granting a new trial. She claims the jury verdict was contrary to the manifest weight of the evidence because since Bran-ton failed to yield the right of way, he must have been at least partially at fault. Stalvey’s argument depends on a finding that she was proceeding north on U.S. 1 when Branton pulled in front of her. The Millers’ testimony would have to be disbelieved for her to prevail. She urges that Mr. Miller’s testimony is contrary to Bran-ton’s in that he has Branton entering from Old Dixie to make a right hand turn onto U.S. 1 instead of from Arapahoe to make a left hand turn onto U.S. 1. Whether Bran-ton entered from Old Dixie (Miller) or from Arapahoe (Branton), in either event Branton was in the intersection attempting to turn onto U.S. 1 at the time Stalvey ran into him. It doesn’t matter from whence Branton came if the jury believed, as it certainly did, that Stalvey lied about her direction of travel and, in fact, ran a stop sign before colliding with Branton.
If the Millers told the truth, and the jury believed them to be truthful, then this case becomes not only frivolous but also fraudulent. Lying in court, either in prosecuting a claim or defending one, is not merely a civil matter. It is a crime and should be treated as such. I agree with Judge Sorondo’s concurring opinion in Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999), that judges have become too cavalier about perjury committed in the context of civil cases. Perjury in a civil case is not merely a civil wrong to be addressed with the civil remedy-of striking one’s pleadings. It is a criminal act deserving criminal sanctions. I would refer this matter to the State’s Attorney for further investigation.