898 So.2d 1066 (2005)
Anthony Weston ANDREWS and Tracy Ann Andrews, Appellants/Cross-Appellees,
v.
PALMAS DE MAJORCA CONDOMINIUM, etc., Appellee/Cross-Appellant.
No. 5D03-3953.
District Court of Appeal of Florida, Fifth District.
March 18, 2005.
Jack A. Kirschenbaum and Alec D. Russell, of GrayRobinson, P.A., Melbourne, for Appellants/Cross-Appellees.
*1067 Barry A. Postman and Erin E. Dardis of Cole, Scott Kissane, P.A., Plantation; Betsy E. Gallagher and Michael C. Clark of Cole, Scott Kissane, P. A., Tampa, for Appellee/Cross-Appellant.
ORFINGER, J.
Palmas De Majorca Condominium Association, Inc., filed suit against Anthony and Tracy Andrews to foreclose a lien on the Andrewses' condominium based on their alleged failure to pay a special assessment levied by the board of the condominium association. The primary issue at trial was whether the special assessment could properly be levied by a vote of the directors, or whether the unit owners had the right to vote on the assessment. The trial court concluded that the assessment required the vote of a majority of the unit owners, but found that the Andrewses acquiesced to the special assessment by tendering a check to Palmas for $1,000, representing the first installment of the assessment.
At trial, Palmas offered a photocopy of Mrs. Andrews's check into evidence to support its position that the Andrewses acquiesced to the assessment by making a partial payment. The photocopy of the check was smaller than an actual check and was somewhat dark; therefore, some of the writing on the check was not clearly visible. The parties agree that the check was an important piece of evidence in the case and was relied on by the trial judge in reaching his conclusions. After entry of the final judgment, the Andrewses filed this appeal, seeking review of the trial court's conclusion that they had acquiesced to the special assessment or waived their right to challenge it. Palmas cross-appealed, challenging the trial court's conclusion that the assessment was levied for alterations and improvements requiring a vote of a majority of the unit owners rather than a vote of the board of directors.
After filing their initial brief with this court, the Andrewses filed a motion seeking the temporary relinquishment of jurisdiction back to the circuit court asserting that "new evidence ... material to the trial court's conclusion that most likely directly resulted in the entry of the final judgment in favor of [Palmas]" had been discovered. Their motion for relinquishment alleged that they had:
a good faith belief that the newly discovered evidence demonstrates fraud, misrepresentation and misconduct on the part of [Palmas] during the trial, and that the newly discovered evidence will clearly support the trial court's entry of an Order that's vacating the Final Judgment under Florida Rule of Civil Procedure 1.540(b).
More significantly, the Andrewses alleged that they had discovered a photocopy of Mrs. Andrews's check on which the words "Under Protest" were clearly visible. Because Mrs. Andrews's delivery of the check to Palmas was the sole basis for the trial court's finding that Mrs. Andrews "acquiesced" to the invalid special assessment, the Andrewses asked this Court to temporarily relinquish jurisdiction to permit them to file a motion for relief from judgment in the trial court. In their motion for relief from judgment, the Andrewses argued that because the:
handwritten notation on the check, `Under Protest,' was visible on the original check [Palmas] received from Mrs. Andrews or on any ordinary photocopy of the check, the inescapable conclusion is that [Palmas] altered the photocopy by reducing it in size and darkening it until the words `Under Protest' were undetectable.
The Andrewses concluded that "[Palmas's] submission of this falsified `evidence' for the purpose of misrepresenting the true state of the facts constituted a fraud on *1068 this Court." Based on the Andrewses' accusation of fraud against Palmas, we relinquished jurisdiction to the trial court to enable the circuit court to hear the Andrewses' motion for relief from judgment based on their claim of newly discovered evidence.
Just prior to the hearing on the Andrewses' motion for relief from judgment, the Andrewses' counsel spoke with a representative of SunTrust Bank, who had been summoned to the hearing by Palmas. Based on that conversation, the Andrewses' counsel announced that he no longer felt that the check that was presented to him was credible enough to ethically present it to the court. Consequently, he sought to withdraw his motion and apologized to the court.
Although the Andrewses withdrew the Motion for Relief from Judgment, the trial court allowed a proffer of the testimony of witness Karen Knox, the records custodian for SunTrust Bank, to enable this Court to review the proceedings that occurred during the relinquishment. Ms. Knox produced an image of the Andrewses' check that had cleared SunTrust Bank. The words "Under Protest" were not on the original check that was processed by the bank.
Palmas then made an ore tenus motion for contempt, sanctions, and attorney's fees for the Andrewses' alleged actions in altering the subject check by adding the words "Under Protest," and subsequently affixing the same to the Motion for Relief from Judgment. Palmas subsequently filed its Amended Motion to Extend Period of Time of Relinquishment, or, alternatively, Motion to Relinquish Jurisdiction. Palmas asserted that since the Andrewses had withdrawn their Rule 1.540 motion, that it "should be allowed to complete the proceedings at the Circuit Court level with a hearing on its motions for contempt, sanctions, attorney's fees and costs during the pendency of this appeal." This Court granted the Amended Motion to Extend Period of Relinquishment to allow the trial court to consider Palmas's motions filed in association with the Andrewses' 1.540 motion filed below.
After hearing Palmas's Motion for Sanctions, the trial court concluded that:
The [Andrewses] contended in their motion, which was supported by [their] affidavit, that the $1,000.00 special assessment check, which was in part the basis for the Court's decision, was "altered" by [Palmas] prior to trial to remove the phrase "Under Protest" in an effort to deceive or otherwise commit a fraud upon the Court
To the contrary and as was confirmed through appropriate investigation and discovery, the only copy of the check which contained the phrase "Under Protest" was the copy attached as an exhibit to the [Andrewses'] Motion for Relief from Judgment; all other copies of the check did not contain the phrase "Under Protest." It was in fact the [Andrewses] who committed a fraud upon the Court by writing "Under Protest" on a copy of the check, post trial, and then swearing under oath that their altered version of the check was the authentic evidence. This was a blatant lie, and constitutes a fraud upon the Court.
Given the [Andrewses'] audacity of pursuing their motion with this Court, [Palmas] served a subpoena with the bank that the check was drawn from, and further compelled the bank representative to attend the [Andrewses'] hearing on their motion. It was at this time, and apparently for the first time, that the counsel for the [Andrewses] learned that his clients had committed a fraud, not only to the court, but apparently to him. The representative of the bank, Karen Knox, confirmed to all parties, including *1069 the court, that the check that was sent to [Palmas] by the [Andrewses] did not have the words "Under Protest." This fact was further supported by the testimony of the property manager of [Palmas], and a clean copy of the check that was brought to the hearing. The [Andrewses'] counsel withdrew the Motion for Relief from Judgment.
After being given the directive by the Fifth District Court of Appeal, a hearing was held for the purpose of determining issues of contempt and sanctions, against the [Andrewses] for filing a false affidavit and committing a fraud upon the Court.
This Court, after reviewing the file and evidence, including the testimony of witnesses, finds as follows:
The [Andrewses] perpetrated a fraud upon this Court in filing their Motion for Relief from Judgment which attempted to use falsified evidence to vacate the Final Judgment entered against them;
The [Andrewses'] actions in this regard are sanctionable, and this Court determines that sanctions are warranted under such circumstances where the integrity of the judicial system is undermined; and
This Court retains jurisdiction to determine the specific sanction(s) to be imposed for a further hearing pending the outcome of the appeal.
It is therefore ORDERED AND ADJUDGED that the [Andrewses] have perpetrated a fraud on this Court and therefore awards sanctions to [Palmas], which includes all attorney's fees and costs incurred by [Palmas] as a result of the filing of the [Andrewses'] Motion for Relief from Judgment, in addition to other relief that this Court deems just and proper.
Subsequently, jurisdiction returned to this Court and Palmas filed a motion to dismiss the Andrewses' appeal based on their attempt to defraud the court. Because we find the Andrewses' misconduct to be egregious and a threat to the integrity of the judicial process, we grant Palmas's motion to dismiss the appeal.
The sanction of dismissal with prejudice due to fraud upon the court has long been an available remedy for a party's misconduct in the litigation process. It has been held that "a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." See Metro. Dade County v. Martinsen, 736 So.2d 794, 795 (Fla. 3d DCA 1999). Dismissal is an available remedy for knowingly submitting forged or altered documents with the intent to deceive the court. Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 372 (Fla. 4th DCA 2003).
Admittedly, defining the level of misconduct sufficient to justify the extreme sanction of dismissal is difficult. In Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998), this Court said:
The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18. Because "dismissal sounds the `deathnell of the lawsuit,' *1070 courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118.
A trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a party perpetrates a fraud on the court or willfully refuses to comply with a court order. We share that inherent authority. See Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992); see also Fla. R.App. P. 9.410.[1]
In reply to Palmas's motion to dismiss the appeal, the Andrewses, while conceding the facts found by the trial court in its order on Palmas's motion for sanctions, contend that the decisional law that exists regarding sanctions for committing fraud on a trial court has no application in instances of fraud committed in an appellate proceeding. We disagree. The Andrewses' attempted defense misses the mark. A fraud on the court, any court, infects the entire proceeding. We have no difficulty concluding that the Andrewses "sentiently set in motion" an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate their dispute with Palmas. That the attempted fraud was, for the most part, in the trial court, is of no particular consequence to us.
At the end of the day, the Andrewses altered a check and submitted it as newly discovered evidence, knowing that it would likely have defeated Palmas's affirmative defense of acquiescence, if accepted by the court. When their scheme was discovered minutes before the hearing on their motion for relief from judgment was to be heard, their response was simply to withdraw the motion and say "never mind," hoping the problem would just go away. It has not.
The Andrewses' conduct fails to comport with the standards of integrity required by the judicial system. Such misconduct must be discouraged in the strongest possible way. Although the Andrewses have a right to have their case heard, they can, and have, by their own conduct, forfeited that right.
We dismiss the Andrewses' appeal for misconduct, thereby rendering moot the issues on cross-appeal. We grant Palmas's motion for appellate attorney's fees and remand this matter to the trial court to determine the amount of such fees. Finally, we authorize the trial court to impose such additional sanctions, if any, as it determines in its sound discretion may be appropriate for the Andrewses' misconduct.
DISMISSED.
MONACO and TORPY, JJ., concur.
NOTES
[1] Rule 9.410. SANCTIONS

After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney's fees, or other sanctions.