935 So.2d 57 (2006)
Jon JOHNSON, Appellant,
v.
Frank SWERDZEWSKI, D.D.S., Appellee.
No. 1D05-4882.
District Court of Appeal of Florida, First District.
July 31, 2006.
*59 Samantha Boge and Charles W. Dodson of Dodson & Boge, LLP, Tallahassee, for Appellant.
Mary K. Simpson and Vikki R. Shirley of Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee, for Appellee.
*58 ERVIN, J.
This is an appeal from a judgment notwithstanding verdict (JNOV) entered in a dental malpractice action. We reverse and remand with directions that the verdict for appellant/plaintiff Jon Johnson be reinstated.
On June 5, 2001, appellant sought treatment from the appellee/defendant dentist Dr. Frank Swerdzewski for relief of a toothache caused by a chipped lower-left molar. During an anesthetic injection, a piece of needle broke off in appellant's gum tissue. Following several unsuccessful attempts to extract the needle, Johnson was referred to Shands Hospital in Gainesville, Florida, where, after two surgeries, the broken needle was finally removed. Thereafter, Johnson sued Dr. Swerdzewski for dental malpractice. At the close of plaintiff's case, the defendant moved for directed verdict, contending that Johnson had perpetrated a fraud on the court by providing discovery answers that he admitted at trial were untrue. Upon the motion's denial, it was renewed at the close of all the evidence, and again denied. A verdict was thereafter returned by the jury awarding Johnson extensive compensatory and non-compensatory damages. Following trial, the court entered JNOV for Dr. Swerdzewski on the same evidence previously submitted, finding that Johnson had perpetrated a fraud on the court by providing false testimony during pretrial discovery and at trial that impugned the integrity of the court.
In its order, the trial court cited five examples supporting the JNOV:
1. Appellant's false testimony at trial of drooling sensation and speech problems following the first surgical attempt to remove the broken needle, while never disclosing such symptoms during pretrial discovery.
2. Appellant's testimony that he had experienced numbness in his mouth as a result of this claimed injury, despite his failure during discovery to disclose such problem in the face of clear and unambiguous inquiries asking him to list the nature and the extent of his injuries or damages suffered.
3. Appellant's misrepresentation during two depositions that a treating dental practitioner at Shands Hospital had not made any recommendations to him concerning his leaving the broken needle in its place, whereas at trial appellant acknowledged that what he had testified to during discovery was not true; that Dr. Dolwick had in fact recommended the needle not be surgically removed.
4. During trial, appellant admitted that he had never told Dr. John Spence, a medical practitioner from whom he had received treatment for unrelated back problems, he was suffering headaches related to the dental procedure, despite his misrepresentation during discovery that he had complained to the physician of such condition.
5. In his answers to interrogatories, appellant failed to list all physicians who had treated or examined him in the past ten years by not identifying Drs. Knowles, Stripling, Spence, and Guy, and that such omissions had a significant effect on the outcome of the case in that some of the non-disclosed practitioners had treated the claimed injuries which resulted from the purported act of malpractice.
*60 We cannot agree that appellant's inconsistent pretrial representations, even if intentional, required the entry of the JNOV. The cases relied upon by the trial court in support of its judgment, e.g., Distefano v. State Farm Mutual Automobile Ins. Co., 846 So.2d 572 (Fla. 1st DCA 2003); Baker v. Myers Tractor Services, Inc., 765 So.2d 149 (Fla. 1st DCA 2000); Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999); Hanono v. Murphy, 723 So.2d 892 (Fla. 3d DCA 1998); and Cox v. Burke, 706 So.2d 43 (Fla. 5th DCA 1998), are procedurally and factually distinguishable from the present case. In all of the cases, except Martinsen, the actions were generally disposed of by orders granting pretrial motions for dismissal and involve the imposition of sanctions resulting from the party's fraudulent conduct.[1] Such orders are governed by the standard of abuse of discretion. See Distefano, 846 So.2d at 574.
In contrast, the test to be applied to a JNOV is as follows:
When, after the entry of a jury verdict, the trial court grants a motion for judgment in accordance with the movant's prior motion for directed verdict, the ruling constitutes a deferred decision on the earlier motion for a directed verdict. Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969); Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983). Accordingly, our task in reviewing the propriety of an order granting such a motion is identical to that where an ordinary motion for directed verdict is involved. Presented with such a motion, the court must view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made. Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983); Stenback v. Racing Associates, Inc., 394 So.2d 1128 (Fla. 4th DCA 1981). Similarly, every reasonable conclusion which may be drawn from the evidence must also be construed favorably to the non-movant. Reams; Stenback, supra. Only where there is no evidence upon which a jury could properly rely, in finding for the plaintiff, should a directed verdict be granted. Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979). It goes without saying that a motion for directed verdict should be treated with special caution, and this is especially true in negligence cases where the function of a jury to weigh and evaluate the evidence is particularly important since reasonable people can draw various conclusions from the same evidence. Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980); Hernandez v. Motrico, Inc., supra.

Collins v. Sch. Bd. of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985), dismissed, 491 So.2d 280 (Fla.1986); approved, Irven v. Dep't of Health & Rehab. Servs., 790 So.2d 403, 406, n. 2 (Fla.2001).
It is important to emphasize that our review is not confined to an order dismissing a plaintiff's case based upon such party's fraudulent conduct, which is controlled by the abuse of discretion standard. *61 Because this appeal is from the entry of a JNOV, our review is far less deferential to a trial court's discretionary ruling. Given the presumption of liberality accorded to the non-movant against whom a JNOV is sought, we cannot possibly conclude that there is no evidence upon which the jury could properly rely in finding for Johnson. For example, appellant's complaints of speech difficulties, muscles that did not react properly when he smiled or talked, and loss of feeling and taste on the left side of his face and cheek were corroborated by Dr. James Green, an oral surgeon at Shands Hospital who specializes in the treatment of injuries to the nerves in a patient's mouth and jaw. In an effort to determine whether Johnson had any feeling in the area of his mouth where he had described his symptoms, testing was performed approximately one and one-half years after the incident in question. A needle was inserted into multiple spots on appellant's face, deep enough to cause bleeding, with no reaction on appellant's part. His tongue was similarly tested with similar results. Appellant experienced no feeling on the left side of his tongue where the needle was inserted. Testing further revealed that appellant was unable to distinguish between sharp and dull pain in the gum tissue in the front portion of his mouth on the left side of the floor of his mouth.
Although it is true that appellant never described before trial any specific symptoms of drooling following the broken needle incident, medical testimony corroborated his trial testimony that the "sensation" of drooling was consistent with the type of injuries he had suffered. In fact, appellant's testimony both at trial and during discovery was not inconsistent in relating that he had suffered numbness and loss of sensation following the incident.
The most significant omission and the one about which the trial court appeared to be most concerned was Johnson's failure to list pretrial the names of four health-care providers who had treated him during the previous 10 years. Under vigorous cross-examination, appellant admitted that he had falsely omitted their names. Despite the obvious inconsistencies between his pretrial and trial testimony, it does not appear that appellee was hampered in his defense of the malpractice claim. Appellee identified all four of the non-disclosed practitioners on his trial witness list, and it appears from the record that the pretrial information appellant provided may have aided in their discovery.
More than a year and a half before trial, appellant replied during his deposition that he had been treated by an unidentified dentist in Marianna, Florida, whose office, appellant correctly stated, was located on Kelson Avenue. The defense subsequently discovered the dentist's name to be Dr. Henry Knowles. At the same deposition, appellant inaccurately identified Dr. "Lansing" as providing him dental care, but truthfully answered that his practice was situated on Third Avenue in Marianna, Florida. The defense later discovered the dentist was in fact Dr. Michael Stripling, whom appellant thereafter identified in his answers to one of appellee's sets of interrogatories. In regard to the third practitioner omitted, Dr. John Spence, the trial court apparently overlooked the fact that when appellant was first deposed, he had correctly identified Dr. Spence as prescribing pain medication for a lower lumbar condition. Finally, although appellant never provided the defense with any information regarding medical care by Dr. Guy, it appears that appellee admitted into evidence as an exhibit a copy of a single medical record from that physician who had examined Johnson on one occasion in regard to Johnson's application for Social *62 Security disability benefits, an examination altogether unrelated to the condition arising from the malpractice claim. Under the circumstances, we find no support in the record for the lower court's conclusion that the "failures to disclose treating physicians and dentists were significant as some of these doctors treated the injuries claimed by the plaintiff."
In our judgment, the trial court did not properly heed the more exacting test to be applied to a motion for JNOV, rather than that for a motion to dismiss imposed as a sanction for false and misleading conduct by one of the parties to a lawsuit. Once the trial court had earlier exercised its discretion to deny appellee's motions for directed verdict and to submit the case to the leavening scrutiny of the jury, its discretion lessened and the credibility assessment of appellant's testimony was then assigned to the six-member jury panel. By granting the extreme sanction of dismissal of the cause after the jury had returned a verdict for appellant, the court essentially assumed the role of a seventh juror by making a credibility determination contrary to that reached by the jury, which, in deciding the case for appellant, may have determined that the inconsistencies in the appellant's testimony were not intentional,[2] or, if intentional, that they were not so significant as to undermine the effectiveness of the defense, which clearly brought to its attention the omissions from appellant's answers to pretrial discovery.
In reaching its verdict, the jury properly exercised its function as a deliberative body to assess the believability of the witness and the weight to be accorded to his testimony. Fla. Std. Jury Instr. (Civ.) 2.2(a). Given the circumstances under which this case was tried, we conclude the following admonitory comments by the Fourth District in Cross v. Pumpco, Inc., 910 So.2d 324, 328 (Fla. 4th DCA 2005), are equally applicable to the case at bar: "Except in the most extreme cases, where it appears that the process of trial itself has itself been subverted, factual inconsistencies, and even false statements, are well managed through the use of impeachment and traditional discovery sanctions."
REVERSED and REMANDED.
BENTON and BROWNING, JJ., concur.
NOTES
[1] In Martinsen, the defendant sought dismissal of the action at trial based on plaintiff's untruthful answers during discovery. The trial court reserved ruling on the county's motion, and, following the jury verdict in plaintiff's favor, denied the motion to dismiss and entered judgment for plaintiff. In reversing, the Third District concluded that the trial court had abused its discretion by denying the motion to dismiss due to the fraudulent representations of the plaintiff in her sworn pretrial answers.
[2] We note that appellant stated he had been diagnosed with bipolar disorder.