951 So.2d 916 (2007)
Salomon MELGEN and Melissa Melgen, Appellants,
v.
Boris SUAREZ, Appellee.
No. 3D05-1338.
District Court of Appeal of Florida, Third District.
February 21, 2007.
*917 Holland & Knight LLP and Frances F. Guasch, Miami; and Kevin W. Korth & Associates, St. Petersburg, for appellants.
John R. Sutton & Associates, P.A., and Jose R. Bejel, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Defendants below, Salomon Melgen ("Mr. Melgen") and Melissa Melgen ("Ms. Melgen")(collectively referred to as "defendants"), appeal a final judgment in favor of the plaintiff, Boris Suarez ("plaintiff" or "Suarez"), granting Suarez's motion for judgment notwithstanding the verdict ("JNOV") and awarding Suarez the sum of $7,509.00 for past medical bills incurred. Because we find that the trial court erred in granting the JNOV, we reverse.
Ms. Melgen, while operating Mr. Melgen's vehicle, rear-ended Suarez's vehicle. Suarez filed a personal injury lawsuit against the defendants to recover for injuries allegedly suffered as a result of this accident. Pursuant to the parties' stipulation, the trial court entered summary judgment in favor of Suarez regarding Ms. Melgen's liability. Subsequently, a jury trial was held solely on the issue of damages. During the trial, the jury heard conflicting evidence regarding Suarez's claimed injuries, including conflicting evidence relating to the necessity and reasonableness of the past medical bills incurred by Suarez. The jury ultimately returned a verdict awarding zero damages, finding that Ms. Melgen's negligence was not a legal cause of Suarez's loss, injuries, or damages.
Suarez filed a motion for JNOV on the issue of past medical bills, alleging that the evidence was uncontradicted as to the reasonableness and necessity of the past medical bills incurred. The trial judge granted Suarez's motion for JNOV, finding that there was clear uncontradicted evidence of causation and therefore, Suarez was "entitled to a directed verdict as to the past medical minus the MRI bill," and awarding Suarez the sum of $7,509.00. Having carefully reviewed the record, we disagree.
Motions for JNOV "should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence." Heyman v. Weka, Inc., 333 So.2d 550, 551 (Fla. 3d DCA 1976). "[T]his is especially true in negligence cases where the function of a jury to weigh and evaluate the evidence is particularly important since reasonable people can draw various conclusions from the same evidence." Johnson v. Swerdzewski, 935 So.2d 57, 60 (Fla. 1st DCA 2006). When presented with a motion for JNOV, the trial court must view all of the evidence, and all of the inferences drawn therefrom, in a light most favorable to the non-movant, and in the face of contradictory evidence, all conflicts must be resolved in favor of the party against whom the motion has been made. Id.; Irven v. Dep't of Health & Rehabilitative Servs., 790 So.2d 403, 407 n. 2 (Fla.2001). A motion for JNOV may be granted only when there is no evidence or inferences to support the opposing party's position. Fast Laundry II v. Gray, 861 So.2d 81, 82 (Fla. 3d DCA 2003); Collazos v. City of W. Miami, 683 So.2d 1161, 1164 (Fla. 3d DCA 1996).
A review of the record in this instance demonstrates that the evidence and *918 the reasonable inferences which may be drawn from the evidence when viewed in the light most favorable to the defendants, supports the jury's verdict. The record evidence reflects that Suarez's entitlement to past medical bills was vigorously contested at trial. The jury, after weighing the conflicting evidence, including conflicting evidence as to causation and as to the reasonableness and necessity of Suarez's past medical treatments, returned a verdict finding that the accident was not the legal cause of Suarez's claimed injuries and awarding Suarez zero damages. As the trial judge cannot reweigh the evidence and substitute her own judgment for that of the jury, we conclude that the trial court erred in effectively overruling the jury's determination of Suarez's entitlement to zero damages. See Collazos, 683 So.2d at 1164 (specifying that in ruling on a motion for JNOV, "[a] trial court may not reweigh the evidence and substitute its judgment for that of the jury"). Accordingly, we reverse the final judgment granting the JNOV and remand with instructions that the jury's verdict be reinstated.
Reversed and remanded.