ORDER DISMISSING APPEAL
 

 ALTENBERND, Judge.
 

 George H. King, Jr. (the Former Husband), appeals a series of postjudgment orders entered to enforce the terms of a marital settlement agreement that was incorporated into a final judgment of dissolution of marriage. Rebekah Taylor, f/k/a Rebekah Taylor King (the Former Wife), has filed a motion to dismiss this appeal as a sanction for fraudulent conduct committed by the Former Husband during the course of this appeal. We have provided the Former Husband an opportunity to respond to these allegations, and the facts upon which we base this order are undisputed. It is rare that an appellant’s conduct during an appeal sinks to the level where dismissal of the appeal is appropriate, but we conclude this is one of the rare cases in which that sanction is merited.
 

 The dispute in this case centers on a provision in the parties’ marital settlement agreement, executed in March 2000, in which the Former Husband agreed to pay to the Former Wife a monthly payment amount until her death. It is undisputed that the Former Husband paid the required monthly amount until February 2004, that the Former Husband made no payments from February 2004 until February 2006, and that the Former Husband paid less than half of the monthly amount each month from February 2006 until September 2007. This resulted in a cash ar-rearage of $25,300 as of September 2007,
 
 *407
 
 when the Former Wife sought to enforce the terms of the agreement either through contempt or entry of a judgment. The Former Husband, in his defense, asserted that the parties had reconciled and that he had provided the Former Wife other moneys or support for which he sought a credit.
 

 In addition to this factual dispute, the parties disagreed as to whether the monthly payment provision in the settlement agreement was a provision for the Former Wife’s support, and thus enforceable by contempt, or a property settlement provision related to the Former Husband’s military retirement benefits, and thus enforceable only as a debt through entry of a money judgment and execution on that judgment or by other like means. The circuit court ultimately concluded the provision was in the nature of support, rejected the Former Husband’s defenses for nonpayment, and entered orders intended to enforce the final judgment. One of these orders required, in pertinent part, that the Former Husband “take all steps necessary and available to secure [the] Survivor Benefit Program” for the military retirement benefit for the Former Wife as a means of ensuring the payment of the monthly amount required by the parties’ agreement until the Former Wife’s death. A second order directed the Department of Finance and Accounting Services (DFAS), the entity responsible for distributing military retirement benefits, to assign the Former Wife a portion of the Former Husband’s military retirement pay equal to the monthly payment amount due and to designate the Former Wife as the irrevocable beneficiary of the survivor benefit program available through the plan.
 

 The Former Husband filed a notice of appeal directed to these orders. While the appeal was pending, however, the Former Husband took measures into his own hands. Although the DFAS has since submitted documentation to the parties and to the circuit court indicating it will accept and implement the circuit court’s order to name the Former Wife as the irrevocable beneficiary of the survivor benefit plan, the Former Husband attempted to undermine such an outcome. He personally sent a letter to the DFAS on October 18, 2007, shortly after the orders on appeal were entered, stating, “The Judge, for some unknown reason, has ordered that I obtain a letter from your office indicating that my former spouse is ineligible for the SBP.” This the DFAS did not do. Instead, the DFAS apparently indicated in February 2008 that it would be deducting the required amounts from the Former Husband’s monthly benefit check.
 

 Not receiving the desired response from the DFAS to his first letter, on February 20, 2008, the Former Husband sent a facsimile to the DFAS. The cover sheet stated, “Please review the attached court order modifying the original military pay order and delete the former spouse SBP coverage as soon as possible.” The “attached court order” was a two-page document bearing the proper style for the circuit court proceedings. The text of the “order” read:
 

 This Court Order is issued under the laws of the State of Florida with respect to domestic relations and to provide for the support of the Former Spouse. Personal jurisdiction over George H. King, Jr., is established by the Member’s domicile and consent.
 

 On March 24, 2000, a Final Judgment of Dissolution of Marriage was issued in the Circuit Court, Seventh Judicial Circuit, Volusia County, Florida. Following the Final Judgment, Former Wife filed a Second Verified Amended Petition for Enforcement of Final Judgment of Dis
 
 *408
 
 solution of Marriage (the “Petition”) in this Court on April 23, 2007.
 

 The original Court Order Assigning Military Retirement Pay was dated October 1, 2007, and erroneously included “Section IV. SURVIVOR BENEFIT PLAN,” requiring the Respondent to provide a Survivor Benefit Plan Annuity for the Former Spouse through the Member’s military retirement.
 

 Further review of U.S.Code Title 10, Subtitle A — General Military Law, Part II — Personnel, Chapter 73 — Annuities Based On Retired Or Retainer Pay, Subchapter II — Survivor Benefit Plan found that since a Survivor Benefit Plan Annuity requirement was not included in the March 24, 2000, Final Judgment, this Court does not have the authority to order establishment of a Survivor Benefit Plan Annuity at this time. US Code Title 10 specifically provides one (1) year from the original Judgment to apply for former spouse Survivor Benefit Plan coverage.
 

 Therefore, the original Court Order Assigning Military Retired Pay, dated October 1, 2007, is amended to delete “Section IV. SURVIVOR BENEFIT PLAN.”
 

 DONE AND ORDERED in Chambers in Tampa, Hillsborough County, Florida this _ day of _, 2008.
 

 [[Image here]]
 

 EMILY A. PEACOCK
 

 Circuit Judge
 

 Above the signature line was an obvious date stamp bearing the date “FEB 14, 2008,” but no handwritten or stamped signature. This order was not entered by the trial court. The Former Husband has admitted to this court that he created the order himself and submitted it to the DFAS.
 

 Rather than rethinking the wisdom of these actions, on February 25, 2008, the Former Husband sent an e-mail or online inquiry to the DFAS. He complained about the survivor benefit plan deductions from his retired pay and added: “But the topper is a modified court order eliminating the Former Spouse coverage dated February 14, 2008, was faxed to your office on February 20th 2008. Will you be as quick to refund all these illegal deductions as you were to nail my retired pay in the first place? ? ?”
 

 The Former Husband followed up with the DFAS again on March 5, 2008. He faxed them a cover sheet complaining that the DFAS’s compliance with the original court order had created an arrearage that the DFAS was collecting in an amount that created a financial hardship for him. He asked that the payment towards the ar-rearage be reduced. He added, however, “I realize this correspondence may be unnecessary, since you are in receipt of a court order eliminating the SBP requirement for my former spouse, which is also retroactive to October 1, 2007.”
 

 On April 4, 2008, the Former Husband resubmitted the fraudulent order to the DFAS by facsimile yet again. This time he added his name, rank, and social security number to the information provided. He warned the DFAS, “I am seriously considering sending this entire package to my congressman to ask him to query your office as to why you appear to not be supporting the retired military member, however, I will give you one more opportunity to straighten this mess out before involving my congressman.” The Former Husband again asked the DFAS to “delete the Former Spouse SBP coverage as soon as possible.”
 

 Again on April 14, 2008, the Former Husband sent a facsimile to the DFAS with the fraudulent order. “I spoke with
 
 *409
 
 the legal department this morning and they informed me that your department will be required to delete the Former Spouse SBP from my account. Please note that the attached order has been submitted and resubmitted over and over since mid-February and I simply can’t seem to get anyone to take the required action.”
 

 On April 15, 2008, the Former Husband again resubmitted his fraudulent court order to the DFAS. He again noted he had submitted and resubmitted this order to the DFAS. He added:
 

 I truly do not understand why I have been unable to reach someone in your office that is capable of taking the necessary action to reverse something that should never have been permitted in the first place. My original divorce dated March 24, 2000 (a copy of which you should have on file), included no requirement for Former Spouse SBP coverage and the petition for enforcement of that Final Judgment dated October 1, 2007, was
 
 not
 
 an amended petition for final judgment of dissolution of marriage.
 

 The court recognized them error with the February 14th, 2008, modification to the October 1st, 2007, enforcement order, and I truly hope you will be as diligent as you have been to illegally deduct my SBP payments from my military retired pay, by taking the appropriate action to reimburse me for your misinterpretation of the enforcement order.
 

 On September 12, 2008, the Office of the General Counsel for DFAS submitted a letter to counsel for both parties. The letter explained that the DFAS interpreted the applicable laws and regulations to permit the institution of the Survivor Benefit Plan in accordance with the October 1, 2007, order. The DFAS then stated that it was unclear to the DFAS whether the October 1, 2007, order was still in effect because the DFAS had received a contrary order from the Former Husband. The DFAS noted, however, that the court’s online docket made no reference to the Former Husband’s order and that there appeared to be a pending appeal. Thus, the letter stated, “DFAS has suspended former spouse SBP coverage until the legal proceedings are resolved and the status of the SBP is clarified.”
 

 On September 24, 2008, counsel for the Former Husband sent a letter to the DFAS, signed by both herself and by counsel for the Former Wife, explaining that the October 1, 2007, order was still in effect and acknowledging that the order submitted by the Former Husband was not a valid court order. Counsel for the Former Husband then withdrew from representation of the Former Husband.
 
 [1]
 

 Upon learning of the Former Husband’s actions, the Former Wife filed a motion to dismiss this appeal. We issued an order to show cause to the Former Husband to permit him the opportunity to explain the circumstances. As indicated above, the facts surrounding his creation and submission of the fraudulent order are not disputed. In his response to our order to show cause, the Former Husband apologized for his actions and indicated that he has since complied with all required provisions in
 
 *410
 
 the final judgment and the postjudgment order now on appeal to date.
 
 [2]
 

 The dismissal of an appeal is a very serious sanction and a step that is not lightly taken by this court.
 
 See Howard v. Risch,
 
 959 So.2d 308, 310 (Fla. 2d DCA 2007) (“Because dismissal is the most severe of all possible sanctions, ... it should be employed only in extreme circumstances.”). Case law permits an appellate court to dismiss an appeal based upon the appellant’s failure to comply with the order on appeal while the appeal is pending, but only after providing the appellant an opportunity to comply with the order to avoid dismissal.
 
 See Gazil v. Gazil,
 
 343 So.2d 595, 597 (Fla.1977).
 

 In this case, however, we do not address mere noncompliance with the order on appeal. We address a situation in which the Former Husband “sentiently set in motion some unconscionable scheme” calculated to interfere with the judicial system’s resolution of this case.
 
 See Jacob v. Henderson,
 
 840 So.2d 1167, 1169 (Fla. 2d DCA 2003) (quoting
 
 Cox v. Burke,
 
 706 So.2d 43, 46 (Fla. 5th DCA 1998)). Under such circumstances, this court has the inherent authority to dismiss this appeal.
 
 See Andrews v. Palmas De Majorca Condo.,
 
 898 So.2d 1066, 1070 (Fla. 5th DCA 2005). Here, the Former Husband sought to subvert the judicial system by creating and submitting his own fraudulent order to the DFAS — an order along the lines of what he hoped to receive if he prevailed in his appeal — and then repeatedly demanded that the DFAS comply with it. Although the Former Husband has now apologized to this court, he consistently pursued this course of action over a number of months and expressed responsibility and remorse only when faced with the potential dismissal of this appeal. Indeed, in his first response to the Former Wife’s motion to dismiss this appeal, the Former Husband characterized his actions as a mere “mistake” rather than the obviously intentional acts that they were. This is the type of egregious and extreme behavior that merits dismissal of the appeal.
 

 There are two unique and interrelated circumstances that further convince us this sanction is merited in this cáse. The primary issue in this appeal is not whether the Former Husband was obligated to pay the monthly amount he agreed to pay but rather the proper method by which those payments should be enforced in light of the Former Husband’s noncompliance. Thus, the Former Husband comes to this court with a history of noncompliance, despite his own agreement to the provisions of the final judgment, arguing that the Former Wife should have to enforce the obligation by less effective means than those normally afforded for spousal support. Additionally, although the dismissal of an appeal without an assessment of the merits is a severe sanction that can often have serious repercussions relating to the parties’ rights and responsibilities, we note that in this case the dismissal of this appeal effectively obligates and forces the Former Husband to do that which he agreed to do in the first place — to pay the monthly amount due to the Former Wife and to secure the future payment of that amount, albeit by means other than those the Former Husband desires.
 

 As stated by the Third District in
 
 Hanono v. Murphy,
 
 723 So.2d 892, 895 (Fla. 3d
 
 *411
 
 DCA 1998), “[a] party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends.” We therefore dismiss the Former Husband’s appeal.
 
 [3]
 

 WALLACE, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
 

 [1]
 

 . Appellate counsel for the Former Husband is thus not the counsel who represented the Former Husband below. Appellate counsel has appeared in these proceedings primarily to argue that the appeal should not be dismissed. We emphasize that there is no indication that either of the Former Husband’s attorneys played any part in the Former Husband’s deception and that both responded immediately and appropriately when the fraud was discovered.
 

 [2]
 

 . Assuming the Former Husband has complied with the monthly payment provision to date, this does not make the issue on appeal moot as there is the remaining dispute as to whether future payments may be enforced via contempt as a spousal support provision or whether they must be enforced through general debt collection practices as property division payments.
 

 [3]
 

 . The Former Husband has indicated that he has a pending motion with the circuit court to clarify or correct a provision in one or more of the orders on appeal. This dismissal should have no effect on that motion, and the circuit court may resolve that motion on remand of this case. Additionally, it appears the circuit court may also have pending motions to address whether the Former Husband’s actions merit some form of sanction from the circuit court. We do not comment on that issue and leave that matter to the circuit court's discretion.