# Third District Court of Appeal
## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1462
Lower Tribunal No. 21-10177
_____

**Lynn Wilczek,**
Appellant,

vs.

**Javier Calafell and Esteban Calafell,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Florida Advocates, and Carlos D. Cabrera and Yasmin Gilinsky (Dania Beach), for appellant.

The Law Office of Warren B. Kwavnick, PLLC, and Warren B. Kwavnick (Pembroke Pines), for appellees.


Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

## INTRODUCTION

Lynn Wilczek, plaintiff below, appeals final judgment entered in favor of defendants Javier and Esteban Calafell, following a jury trial on her claims of negligence arising out of an automobile accident. She asserts on appeal that the trial court erred in denying her judgment notwithstanding verdict, as well as her alternative motion for a new trial based on defense counsel's purported violation of a motion in limine. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Following an accident on May 16, 2020, Wilczek sued Javier and Esteban Calafell (respectively, the driver and the owner of the car that hit her) for negligence. The Calafells admitted liability and the case proceeded to a jury trial on causation and damages on in February 2023.

Prior to trial, Wilczek filed a motion in limine seeking to exclude, inter alia, "any reference of prior alcohol use, or abuse, and prescription or illegal drug use, or abuse. . . ." However, there is no written order (or oral pronouncement) granting or denying the motion, and although Wilczek contends the Calafells' counsel agreed to the motion, the Calafells deny any such agreement and the record fails to reflect one.

At trial, the Calafells conceded to the jury that Javier Calafell was negligent, but defended on the basis that any injuries or damages claimed

2

by Wilczek were pre-existing and resulted from prior accidents that required surgeries and ongoing treatment to her back and neck. Further, during cross-examination of Wilczek, defense counsel asked about the prescription medications she was taking at the time of the accident. Wilczek's counsel did not object to the question or answer, nor to the Calafells' argument at closing which mentioned that Wilczek was taking prescription medication at the time of the accident. Wilczek raised this issue for the first time in her post-verdict motion for new trial.

Following trial, the jury returned a verdict finding that Javier Calafell's negligence was not a legal cause of loss, injury or damage to Wilczek and thus, the jury did not proceed further on the verdict interrogatory to address the question of damages (including medical expenses, permanency or pain and suffering).

Wilczek moved for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), asserting that the defense violated the agreed motion in limine regarding Wilczek's prescription drug use, and that Dr. Gottlieb (the defense's expert) conceded Wilczek sustained some injury as a result of the accident, and therefore, that the jury's verdict was contrary to the manifest weight of the evidence. The trial court denied the motion and entered final judgment in favor of the defendants. This appeal followed.

Wilczek raises two issues on appeal: (1) the trial court erred in denying her JNOV because the uncontroverted evidence, including Dr. Gottlieb's testimony, was that the defendant's negligence was a legal cause of some of her injuries; and (2) the trial court erred in denying her motion for new trial because improper cross-examination and closing arguments regarding her prescription drug use constituted fundamental error.

## ANALYSIS AND DISCUSSION

### 1. Denial of Wilczek's Motion for JNOV

"[A] motion for directed verdict or JNOV should be granted only if no view of the evidence could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party." Siegel v. Cross Senior Care, Inc., 239 So. 3d 738, 743 (Fla. 3d DCA 2018) (quoting Lindon v. Dalton Hotel Corp., 49 So. 3d 299, 303 (Fla. 5th DCA 2010)).

Central to Wilczek's contention that the verdict was contrary to the manifest weight of the evidence is her assertion that the defense expert (Dr. Gottlieb) conceded at trial that the accident caused at least some of the injuries sustained by Wilczek. Viewing the evidence and inferences therefrom in a light most favorable to the non-moving party, see Melgen v.

4

Suarez, 951 So. 2d 916 (Fla. 3d DCA 2007), we reject Wilczek's characterization of the evidence as without merit.

There was no dispute at trial that Wilczek had:

- ongoing and significant neck and back issues prior to the car accident;

- sought treatment for those neck and back issues, including a surgery in 2011 (nine years prior to this accident) on her lumbar spine;

- sustained an on-the-job injury to her neck in 2013 for which she received treatment up until the very day before the accident; and

- received medical treatment for lower back pain from 2016-18.

Wilczek contended, however, that the car accident exacerbated those injuries and that her symptoms were worse following the accident. There was testimony from Wilczek's treating doctor and medical expert to support this claim. However, Dr. Gottlieb, the defense medical expert, testified unconditionally that Wilczek's neck and back issues were degenerative or preexisting to the accident, and that there was no evidence of trauma and no evidence of "acute or structural injury" attributable to the accident. He testified that Wilczek may have had a "temporary exacerbation of her preexisting pathology," which Dr. Gottlieb opined based simply on accepting Wilczek "at her word" that she was in more pain following the accident. He said that **if** she had such a "temporary exacerbation," then "typically people

5

respond to an 8 to 12 week course of conservative care." However, he clarified that he would not attribute her pain at that time to the accident, and that "it is more likely related to the degenerative cascade."

On cross-examination, Dr. Gottlieb admitted that Wilczek "sustained injuries to her lumbar and cervical regions in this accident," and that "physical therapy and 8 to 12 weeks of treatment are appropriate," but that it was a "soft-tissue injury." He later clarified that this was the case "maximally," meaning "since there is no objective finding of injury on the imaging studies . . . I would say that the worst injury that was sustained may have been the sprain/strain or temporary exacerbation." Dr. Gottlieb reiterated that there was no evidence of new structural injury from the accident and no evidence of any permanent injury.

In response to the first interrogatory on the verdict form, the jury answered "No" to the question: "Was the negligence on the part of Javier Calafell a legal cause of loss, injury, or damages to Lynn Wilczek?" and we hold there was competent sufficient evidence to support this jury determination. Despite Dr. Gottlieb "conceding" that there may have been some temporary exacerbation of Wilczek's preexisting conditions, he unequivocally opined that this accident did not contribute to her back and neck issues, which were chronic and degenerative. Given the trial court's

6

duty to deny the JNOV motion unless "no view of the evidence could support a verdict for the nonmoving party," see Siegel, 239 So. 3d at 743, we affirm the trial court's action in this case. See also Melgen, 951 So. 2d at 917 ("Motions for JNOV should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence." (quotation omitted)); Russell v. KSL Hotel Corp., 887 So. 2d 372, 378 (Fla. 3d DCA 2004) (holding trial court erred in granting JNOV where there was evidence to support jury verdict and court was required to construe "every reasonable conclusion which may be drawn from the evidence in favor of [the non-moving party].").

## 2. Denial of Wilczek's Motion for New Trial Based on Improper Cross Examination and Closing Argument

Ordinarily, the standard of review on a trial court's denial of a motion for new trial is abuse of discretion. Graham Cos. v. Amado, 305 So. 3d 572, 577 (Fla. 3d DCA 2020). However, "'[a] contemporaneous objection to improper comments . . . is necessary to preserve error, unless the error can be said to be fundamental.'" Fla. Peninsula Ins. Co. v. Nolasco, 318 So. 3d 584, 586 (Fla. 3d DCA 2021) (quoting Owens Corning Fiberglas Corp. v. Morse, 653 So. 2d 409, 410 (Fla. 3d DCA 1995)). "'Fundamental error occurs if the argument 'was so prejudicial as to be incapable of cure by rebuke or retraction,' or if the error extinguishes 'a party's right to a fair trial.'" Id.

(quoting Morse, 653 So. 2d at 410). In the instant case, we note that Wilczek did not object to the purportedly improper cross-examination or closing argument, nor did she move for a mistrial. Further, as to the questioning of Wilczek regarding her use of prescription drugs, the record fails to establish that the parties stipulated no such questioning would take place. In addition, the only mention of Wilczek's prescription drug use was made during cross-examination, when Wilczek was asked about the treatment she was receiving to her back and neck prior to the accident. She responded affirmatively when asked if she was taking "Vicodin, Xanax, diclofenac, and Advil associated with your pain problems [prior to the accident at issue]." We agree with the Calafells that this question was relevant to show that the neck and back pain she was experiencing prior to the accident at issue was significant enough that she was seeing doctors, receiving treatment, and taking prescribed medication to deal with the pain. This question went directly to the defense's theory that the pain or injury experienced by Wilczek was caused by her prior injuries and not by the instant accident.

We conclude that neither the unobjected-to cross-examination question, nor the unobjected-to statement by defense counsel at closing—that plaintiff was prescribed "hundreds of pills monthly" prior to the accident—rose to the level of fundamental error such that Wilczek was denied the right

8

to a fair trial.  We find the remaining issues raised on appeal do not merit further discussion.

Affirmed.